**MARKER, Estate of, In re: PROBERT et, Plaintiffs-Appellants, v. GIBBONS, Exr., Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4538.    Decided June 25, 1951.

George J. Bowers, Joseph B. Willson, Henry G. Binns, Columbus, for plaintiffs-appellants.

Frank B. McClelland, Columbus, for defendants-appellees.

## OPINION

By THE COURT.

This is an appeal on questions of law from a declaratory judgment of the Probate Court construing the Last Will and Testament, and particularly Item 6, of Kathryn Marker, deceased.

The pleadings raise issues other than those adjudicated but we give attention only to the judgment from which the appeal is prosecuted and the errors assigned thereto. There is a bill of exceptions containing the testimony presented to the trial judge and the judgment entry sets out separate findings of fact and conclusions of law.

The twelfth paragraph of the judgment entry announces the construction adopted by the trial judge of Item 6 of the will in this language:

"That from the language of said Item VI of said will, the manner in which it is used and the testimony of extrinsic facts, the true intention of the testatrix was that if her husband, Clarence M. Marker, could not take under the provisions made for him in her will, that Andrew J. Gibbons should take thereunder, and that the last sentence in said Item VI is dispositive and creates a gift over in favor of Andrew J. Gibbons."

And that,

"It is, therefore, ordered, adjudged and decreed that Andrew J. Gibbons is the sole legatee and devisee under the will of Kathryn M. Marker."

Seven errors are assigned. The first is that,

"The Court erred in arriving at the conclusion and expressing the opinion, before any testimony was offered on the subject, that there was a latent ambiguity in the will of Kathryn Marker."

We find this assignment not well made in and of itself because it could not have been prejudicial if the Court, upon the evidence received, reached a correct conclusion.

The second assignment,

"The Court erred in presuming, as a matter of law, that a testator may not intend to die intestate unless a contrary intention is affirmatively shown by the language of the will."

Like the first assignment this error, if it occurred, could not be prejudicial in and of itself. The other five errors assigned all relate directly or indirectly to the correctness of the judgment of the trial judge and the processes by which he reached that judgment.

Item 3 of the will of Kathryn Marker provides:

"I give, devise and bequeath unto my dear husband, Clarence M. Marker, all my property, real, personal, or mixed and

wheresoever situated including all of my life insurance, payable to my estate to be his absolutely and in fee."

Clarence M. Marker and Kathryn Marker were husband and wife. Both died of natural causes, he on the 28th of February, 1949, and she on the 30th of May, 1949. Both had made their wills on February 8, 1941. The wills were alike in subject matter except that in the husband's will Kathryn Marker, the wife, was given a fee under the third item thereof and in the wife's will, the husband was given a fee in the third item thereof. The sixth items are identical.

The appellants claim that the will of Kathryn Marker is plain, clear and unmistakable in meaning. The appellees claim and the trial judge found that there was a latent ambiguity in Item 6; that the last sentence of Item 6 should be construed to be a gift over to the effect that as there was no one to take under the will by the preceding paragraph, "it was all to go to Andrew J. Gibbons."

The briefs in this case are very thorough and explore every aspect of the case as developed upon the record.

Appellees contend, among other things, that one of the following two propositions must be true, and inescapable:

(1) "The ambiguity in this will must be construed in favor of Andrew J. Gibbons, the only named legatee and devisee in light of the extrinsic evidence, or

(2) Without the aid of extrinsic evidence, the will of this decedent, Kathryn Marker, manifests the over-all intent that the primary beneficiary was to be her husband, Clarence Marker; the second beneficiary, Andrew J. Gibbons, if her husband did not or could not take under the provisions of her will by reason of his prior death."

We agree that the will manifests the over-all intent of the testatrix that the primary beneficiary was to be her husband, Clarence Marker, and that the second beneficiary was Andrew J. Gibbons, but, we cannot agree either that there was any ambiguity in the will or that its over-all intent was to name Andrew J. Gibbons as a devisee and legatee if her husband did not or could not take under the provisions of her will "by reason" (alone) "of his prior death."

Most of the cases cited are germane only if it be determined that there is an ambiguity in the will as developed by the extrinsic testimony.

It is fundamental that if the language employed in a will has a definite, unmistakable meaning nothing extrinsic to the will may be offered or accepted for the simple reason that the effect of such testimony, if supporting would add nothing to it and if controverting would be in derogation and in violation of the clear intendment as expressed.

It develops that Kathryn Marker survived her husband by approximately three months and died of natural causes; therefore, they did not die in a common casualty or catastrophe nor under circumstances wherein it could not be readily determined which of them expired first. These are the contingencies and the only contingencies upon the happening of either of which the estate devised to Andrew J. Gibbons was to vest. It is conceded as it must be, that the first conditions, namely, common casualty or catastrophe, could be given no application but it is urged that "if the testatrix's death and that of her husband occur under such circumstances that it can (cannot) be readily determined which of them expired first then her property would go to Andrew J. Gibbons." This, in our judgment, is placing into the will by parol the very opposite of that which is written therein.

There were but two dispositive items in this will, 3 and 6. Upon the death of the husband under Item 3 of his will, identical with Item 3 of the will under consideration, Kathryn Marker took an estate in fee simple. This is true because the only events which could have prevented such vesting are those set forth in Item 6 of the husband's will. No one of them occurred and Item 6 thus becomes a nullity because there was no such subject matter at the time of the death of either upon which it could operate.

We are unable to find that there is any ambiguity whatever in Item 6 in connection with Item 3 of the will of testatrix. They relate to and are intended to meet entirely different situations. Item 3 was to be effective, if testatrix's husband survived her and the contingencies to which Item 6 applied did not occur and therefore it was inapplicable and without effect.

Before any testimony may be received bearing upon a latent ambiguity in a will its language must be susceptible to proof that it will apply equally to two or more subjects or things. **Townsend's Exrx. v. Townsend, et al., 25 Oh St 477.** The will under consideration here permitting of no such interpretation, the testimony purposed to disclose a latent ambiguity was improperly received.

The effect of the testimony was to develop an intention on the part of the testatrix to dispose of her property in a manner not directly or inferentially contemplated or encompassed within the expressed terms of the language employed by her in her formal will. To read this intention into the instrument accomplishes the making of a new and different will. **Oglesbee v. Miller, 111 Oh St 426.** The probative effect of the

evidence, if competent, is to produce strong equities on behalf of Andrew J. Gibbons but it does not, in our opinion, afford support for a construction of Item 6 of the will as found in the judgment under review. All technical rules of construction are of no effect where the language of the will clearly sets forth the intent of the testator. Richardson v. Cincinnati Union Stock Yards Co., 8 O. N. P. 213, 222.

There being no Ohio case directly in point with the facts here developed, appellees rely upon In Re Hardie's Estate, 26 N. Y. Supp. (2) 333, affirmed without opinion, 263 App. Div. (N. Y.) 927, and appeal denied, 33 N. Y. Supp. (2d) 816. The judgment in this case and the reasoning of the trial judge support the contention of the appellees. We have carefully considered this opinion and cannot agree with its rationale. The trial Judge relied upon two rules of construction, viz., that, the testator having made a will in existence at his death did not mean to die intestate and that, from the evidence he did not desire that his relatives share in his estate. The difficulty with this reasoning is that it may not be indulged if the will will not permit such interpretation. It would be as logical to write a will for a deceased person where he had not done so, based upon his expressed desires in life, as to read something into a will which had been duly executed which the language employed will not permit. In Re Beals Estate, Beal, et al. v. Hanson, et al., (Utah) 214 P. (2d) 525, is, in our judgment, sounder than the Hardie opinion, and holds that a provision for disposition of property should testator and his wife perish in a common disaster was not operative where testator's wife pre-deceased testator and not in a common disaster. The Court reached the same conclusion in a somewhat similar provision in the will of Glover v. Reynolds, 135 N. J. Eq. 113, 37 Atl. (2d) 90, 91. These two latter cases support the conclusion which we have reached and both wills and conditions attached upon which the estates were to vest. These conditions in part were like those found in the instant cause and the fact that here we have an additional condition does not change the principle controlling.

The will of the testatrix, Kathryn Marker, being silent as to any disposition of her property in the situation developed at her death it follows that its devolution cannot be controlled by the will but must be determined by the statutes of descent and distribution.

We find that assignments of error Nos. 3, 4, 5, 6 and 7 are well made.

Judgment in accord with this opinion and cause remanded.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.