**WASHINGTON COURT HOUSE (City), Plaintiff-Appellee, v. CARSON, Defendant-Appellant.**

Ohio Appeals, Second District, Fayette County.

No. 280.  Decided November 2, 1956.

William M. Junk, City Solicitor, Washington C. H., for plaintiff-appellee.
J. Harvey Crow, Urbana, for defendant-appellant.

## OPINION

By MILLER, PJ.

This is a law appeal from a judgment of the Municipal Court of Washington Court House, rendered upon the verdict of a jury, finding the defendant guilty of operating a motor vehicle upon the public streets of Washington C. H. while under the influence of intoxicating liquor in violation of ordinance No. 506 A of said city.

The record reveals that on November 3, 1954 an affidavit was filed in said court charging the defendant with the offense of operating a motor vehicle on the public streets of said city while under the influence of intoxicating liquor; that a plea of not guilty was entered; that a jury trial was had which resulted in failure to reach a verdict, and for this reason the jury was discharged.

It appears that during the course of the trial the defendant moved for a dismissal of the action because of the insufficiency of the affidavit. This motion was overruled at the time and the trial proceeded. However, it appears that after further consideration and before assigning the

case for retrial the court made the following entry of dismissal on March 18, 1955, to wit: "Upon application of the City of Washington this case is hereby ordered dismissed without prejudice to a future action." Thereupon, a new affidavit charging the same offense was filed in the same Municipal Court. A motion to dismiss this affidavit was then filed for the alleged reason that the defendant had been placed in jeopardy under the prior affidavit and that to proceed further under the second affidavit would constitute double jeopardy which is prohibited by both federal and state Constitutions. The Court in overruling the motion to dismiss stated in its opinion, which is made a part of the record in this case, "The defendant cannot well contest at this stage that the original affidavit was good and sufficient, since she, through her counsel, first raised the question of the sufficiency at the conclusion of plaintiff's testimony at the trial."

Furthermore, it is noted that the Superior Court of Ohio in the case cited by defendant in support of her contention (42 Oh St 383), stated the rule that the accused is once in jeopardy when the plea is interposed to a valid indictment. (Emphasis ours.) The evidence produced before the court on this motion does not appear in the record, but from the foregoing statement it is clear that the trial judge found that the first affidavit was insufficient to state an offense; hence it was a void affidavit and the defendant was never in jeopardy under it. See City of Columbus v. Jackson, 93 Oh Ap 516, decided by this court on October 6, 1952. The procedure adopted in this case was in accordance with our ruling in Columbus v. Jackson, supra. We so held even when the defendant had entered a plea of guilty to the affidavit. In re Van Hoose, 61 Abs 255.

We find further support for our conclusion in 12 O. Jur. 198, Section 161, wherein it is said:

"In order that an accused may avail himself of the constitutional guaranty that 'no person shall be twice put in jeopardy for the same offense,' it is necessary that he should have been put on trial on an indictment or information good and sufficient as to form and substance, which would have warranted a conviction, if the criminal act had been proved. It may be stated as the general rule that where an indictment is quashed at the instance of the defendant, though after jeopardy has attached, he cannot thereafter plead former jeopardy when placed on trial on another indictment for the same offense.

"Hence, if the affidavit charging an offense is bad for uncertainty, the defendant is not thereby placed in jeopardy because no conviction could be sustained upon it."

We have examined the errors complained of and find none of them well made. Among these the appellant complains that the court did not charge fully on the term "under the influence of intoxicating liquor." We find no error in the court's definition of this term, and if it was not complete as urged, it was an error of omission and not of commission; therefore, it could not be prejudicial. See 39 O. Jur. 1006, Sec. 297.

Finding no error in the record, the judgment will be affirmed.

HORNBECK and WISEMAN, JJ, concur.