The bill in this case was filed for the purpose of construing the will of Mildred C. Noden, deceased. *Page 114 
George K. Noden and Mildred C. Noden, his wife, made mutual wills on February 23d 1938. The wills were in the handwriting of Mrs. Noden on printed legal blanks. Mr. Noden died on July 30th, 1942, and his widow, Mildred C. Noden, took under the first paragraph of his will. On November 14th, 1942, Mrs. Noden died leaving the will in question which was duly admitted to probate. The pertinent sections of her will provide as follows:
"First, after my lawful debts are paid, I give and bequeath all of my property both real and personal, wherever situated, to my husband, George K. Noden without restrictions.
Second: In the event that my husband and myself die simultaneously regardless of the order of passing, I give and bequeath my property both real and personal, wherever situated, as follows:
To my sisters Chipp W. Glover and Grace W. Strippel all jewelry of which I am possessed at my decease.
Third: all the rest, residue and remainder of my property, both real and personal and wherever situated, I give and bequeath in two equal parts:
The first part to be divided in equal shares between my sisters, Chipp W. Glover and Grace W. Strippel, my niece Virginia B. Glover and my nephew Edwin W. Strippel.
Should any of the aforementioned beneficiaries not survive me then his or her share shall be equally divided among the remaining survivors named in the first part.
The second part to be divided in equal shares between Martha Curry, Arthur M. Noden, Mabelle Clegg, Elmer A. Noden and Albert Macrae.
Should any of the aforementioned beneficiaries Martha Curry, Arthur M. Noden, Mabelle Clegg and Elmer A. Noden not survive me, then his or her share shall be equally divided among the remaining survivors.
Should Albert Macrae not survive me then his share above mentioned shall revert to his wife Annie Macrae. In the event that both Albert and Annie Macrae do not survive me, the share apportioned to Albert Macrae shall be equally divided among the surviving beneficiaries named in the second part."
The first three paragraphs of George K. Noden's will are worded in the same manner as the first three paragraphs of Mrs. Noden's will, above stated, except that Mrs. Noden is named as the beneficiary of her husband and except that Chipp W. Glover and Grace W. Strippel are referred to as the testator's sisters-in-law. The other persons named are properly designated in so far as their relationship to the testator is concerned. *Page 115 
The complainants being in doubt as to whether the second and third paragraphs of the testatrix' will are operative, or whether she died intestate, have sought the aid of this court by way of a bill for construction. The parties submitted the matter to the court on the pleadings and briefs.
The defendant beneficiaries ascribe an intention on the part of the testatrix to provide for the disposition of her estate to them in the event that her husband should predecease her as he did. The briefs contain many citations. Particular emphasis is given to the presumption against intestacy.
It seems to me that testatrix' intention, within the four corners of her will, is clear that she intended to give her whole estate to her husband if he survived her. Anticipating, however, that they might both die as a result of a common disaster, she provided, in such event, that her estate should go to the persons and in the shares specified in the second and third paragraphs of her will.
It is argued in the briefs that the intention of the decedent "can be spelt out, and it logically appears to be: `In the event that my husband die,' or in other words, `if my husband does not survive me, I give and bequeath,'" c. This argument is based on the premise that the testatrix did not intend to die intestate. The rule of presumption against intestacy, however, cannot be used to justify a revision of the clear language of the will.Federal Trust Co. v. Ost, 120 N.J. Eq. 43; affirmed, 121 N.J. Eq. 608.
By her will, the testatrix appears to have had in mind only two possible situations; to wit, that she would predecease her husband or that they would die simultaneously, or, at least contemporaneously. She completely overlooked the contingency which did occur. Her failure to anticipate this, or, in the alternative, to execute a new will in the four months which intervened between the death of her husband and her death, cannot now be cured. This court, under the guise of construing the will, will not write a new one. As has frequently been pointed out in our decisions, it may be that if she could now express her views she would wish her estate to pass to the defendant beneficiaries, but this is of no moment here. In the case of McDonald v.Clermont, 107 N.J. Eq. *Page 116 585 (at p. 589), the Court of Errors and Appeals adopted as its own view the following language of Vice-Chancellor Buchanan:
"* * * he did not say it in his will, and this court cannot say it for him. It is regrettable, but after all it is the testator's own fault. The law throws all possible safeguards about the execution of a will, so a man may be sure that his property will go in accordance with what he provides in his will; but the law cannot — or at least does not — compel a man to have his will drawn by someone who knows how."
The conclusion which I have reached, therefore, is that the will is inoperative to pass any of the testratrix' estate. The complainants, however, will be directed to hold and administer the estate of Mrs. Noden, as constructive trustees, and to turn over the same to the persons entitled thereto under the statute of distribution. See Federal Trust Co. v. Ost, 120 N.J. Eq. 475. *Page 117