300 P.2d 791

Charlie LEWIS, Billie Lewis and Sibley Lewis, Plaintiffs-Appellees,

v.

Kirby LEWIS, Lois Lewis, Joyce Lewis, individually, and Wayne A. Lewis, Kirby Lewis, Lois Lewis, Joyce Lewis, Jewel Lewis, Maymie Lewis, Tommie Lewis, Mamie Lewis Adams and Ernest Herschell Lang, as representing as a class: all children and their successors (issue), and all heirs of such children and successors, and all heirs of each respective plaintiff-appellee, at each respective plaintiff-appellee's death, Defendants-Appellants.

Wayne A. LEWIS, Jewel Lewis, Maymie Lewis, Tommie Lewis, Mamie Lewis Adams and Ernest Herschell Lang, Defendants,

v.

H. Dillard SCHENCK and Albert C. Mounsey, Third-Party Defendants and Appellees.

No. 6119.

Supreme Court of New Mexico.

Aug. 15, 1956.

Paul W. Eaton, Jr., Roswell, for appellants.

Hervey, Dow & Hinkle, Lewis C. Cox, Jr., S. B. Christy, IV, Roswell, for appellees.

COMPTON, Chief Justice.

Appellants, defendants below, appeal from a judgment quieting appellees' titles in and to certain premises in Lea County.

The claim of the parties stem from a common source, the last will and testament of Tillie Lewis, the pertinent provisions of which read:

"Item II: I hereby declare that there have been born to me, six children, all of whom are now living and whose names are as follows: Ernest Herschel Lang, Charlie Lewis, Tommie Lewis, Mamie Lewis Adams, Billie Lewis and Sibley Lewis.

"Item III: For reasons which I deem sufficient, I leave no part of my estate to my children, Ernest Herschel Lang, Mamie Lewis Adams and Tommie Lewis, except that I hereby bequeath to each of them the sum of ten dollars.

"Item IV: All of the rest, residue and remainder of my estate, real, personal and mixed and wheresoever situate, I hereby give, devise and bequeath, share and share alike to my three sons, Charlie Lewis, Billie Lewis and Sibley Lewis and to the heirs of their body per stirpes. In the event either or any of my said last three named sons should predecease me, leaving no issue, the share or shares of my estate going to such deceased son or sons, I hereby give, devise and bequeath to the survivor or survivors of them."

Tillie Lewis, the testatrix, predeceased her children October 9, 1951, and her will

was admitted to probate November 24, 1951. At that time the son, Charlie Lewis, had four children, three of whom are minors, the appellants here. The sons, Billie Lewis and Sibley Lewis, have no issue and had none at the time the will was drawn.

Appellants, the minor children of appellee, Charlie Lewis, contend that the devise created fee tail estates, a life estate in Charlie Lewis, with a vested remainder in appellants and contingent remainder in his unborn children; life estates in Billie Lewis and Sibley Lewis and contingent remainders in their unborn children. Therefore, the appeal turns on a construction of the will, and the intent of the testatrix, as found within the four corners of the will itself, will conclude our inquiry.

Looking at the will, we cannot sustain appellants' contentions. Two major considerations are apparent. The testatrix intended to disinherit three of her children, except mere token gifts, and further, she intended to dispose of all the rest, residue and remainder of her estate; so much is certain. These declarations dispel appellants' theory and satisfy us she used the term "heirs of their body" as words of purchase and not words limiting the titles. However, the intent of the testatrix cannot be carried out under the will as written. Obviously, it provides for the contingency of her sons Charlie Lewis, Billie Lewis and Sibley Lewis surviving her and dying with

issue, also for the contingency of the sons predeceasing her without issue, but it leaves open the question of Billie Lewis and Sibley Lewis surviving her without issue. In the latter circumstance, these bequests would lapse and the result would be partial intestacy. Two-thirds of the estate would revert to the estate of the donor, and there being no residuary clause in the will, such portion would descend equally to the sons and daughter of Tillie Lewis, contrary to her declared intention.

But by defining the word "and" disjunctively, and the context of the will requires it, so the phrase "and to the heirs of their body" will read *"or* to the heirs of their body", the primary intent of the testatrix can be given effect. She will then have provided that Charlie Lewis, Billie Lewis and Sibley Lewis, having survived her, with or without issue, receive a fee title to the residue of her estate. The words "and" and "or" are frequently used interchangeably to effectuate the testator's intention. See cases assembled at 3 Words and Phrases, page 603, relating to wills in general.

The judgment under review was entered February 9, 1956, and on March 13 thereafter, the daughter, Mamie Lewis Adams, was granted an appeal therefrom to this Court, however, no attempt to perfect the appeal appears in the record, and upon mo-

tion of appellees, the same is dismissed with prejudice.

The judgment will be affirmed, and It Is So Ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.