## DOYLE H. JACKSON, EXECUTOR *v.* ESTATE OF RHEA C. JACKSON

5-5408                                     460 S. W. 2d 799

Opinion delivered December 21, 1970

*Willis V. Lewis,* for appellant.

*Sloan, Butler, Ragsdale & Dishongh,* for appellee.

FRANK HOLT, Justice. This appeal results from the refusal of the probate court to construe a will as a valid instrument. On appeal the appellant raises only one question: "Where the intention of a testatrix may be ascertained from a reading of an instrument purporting to be a will, does the absence of a formal distributive clause render it invalid as a testamentary disposition?"

In September 1966 an instrument designated as the "Last Will and Testament Of Otis R. Jackson and Rhea C. Jackson" was made by them as husband and wife. Mrs. Jackson's death in 1969 occurred nineteen months after that of her husband. The appellant, their son, was appointed executor according to the terms of their will. Thereafter other children of the decedents attacked the validity of the will on the basis that "there is no provision for distribution of assets" in the event

one testator survived the other for more than thirty days. The matter was submitted to the probate court on the sole issue of whether this instrument was sufficient to constitute the valid will of the decedent, Mrs. Rhea C. Jackson, at the time of her demise. We agree with the probate court in its findings that this instrument was not Mrs. Jackson's will at the time of her death and, therefore, that she died intestate.

The first paragraph of this joint will provides for the payment of just debts and expenses out of the estate of the one that might predecease the other. The second paragraph provides that the survivor shall take all of the estate of the one who first dies. The third paragraph then provides for distribution of the assets of the estate of both testators in the event of simultaneous death of both testators, or if both testators died within thirty days of each other. Paragraph four recognizes two of their children as being married and financially secure. Paragraph five provides that in the event of simultaneous death, their son, the appellant, be appointed trustee and guardian of another son. Paragraph six of their joint will provides for the appointment of the appellant as executor.

The thrust of appellant's argument is that the probate court erroneously determined the true intention of the makers of this "joint will." Stated another way, appellant asserts that "the court concluded that the failure to explicitly deal with the contingency of survival of one spouse beyond thirty days from the death of the other rendered the will invalid." Of course, we agree with appellant's assertion that a cardinal rule in will cases is to ascertain and give effect to "the intention of a person preparing and executing an instrument testamentary in character." In the case at bar, in addition to the absence of a distributive clause, except in the event of simultaneous death of the parties or within thirty days of each other, there is this most significant language in the preamble to their will:

> We, Otis R. Jackson and Rhea C. Jackson, husband and wife, * * * being * * * mindful of the

uncertainties of life and the certainty of death, and being anxious, *each,* to make suitable provision *for the other* \* \* \* , and also to provide for the *distribution of each of our separate estates in the event of simultaneous deaths,* do hereby make, publish and declare this to be our joint Last Will and Testament, \* \* \* . [emphasis added]

This unambiguous language clearly reflects the intentions of the makers of this instrument. Accordingly, their joint will only provided for a distribution of their separate estates in the event that they died simultaneously or that their deaths occurred within thirty days of each other. The only other provision for distribution of their separate estates is paragraph two which provides that "[t]he survivor shall take under this Will all of the estate" of the one who predeceases the other.

It follows that we must agree with the probate court's order which reads in part:

> The instrument here although joint in form, has the same effect as would separate reciprocal wills of the testators, except in the event of simultaneous death or the deaths of the testators within thirty days of each other. \* \* \* In contemplation of law, Rhea C. Jackson did not have a will at the time of her death. In other words, the instrument before the Court was a conditional will insofar as Rhea C. Jackson is concerned, because it depended for its operation and validity upon the happening of the condition heretofore mentioned, *i. e.,* simultaneous death or death of one testator within thirty days of the death of the other. This condition having failed, the will is inoperative and void insofar as Rhea C. Jackson is concerned.

See *Wilson* v. *Higgason,* 207 Ark. 32, 178 S. W. 2d 855 (1944); *Glover* v. *Reynolds,* 135 N. J. Eq. 113, 37 A. 2d 90 (1944), aff'd 136 N. J. Eq. 116, 40 A. 2d 624 (1945).

The order of the probate court must be affirmed.

Byrd, J., not participating.