643 P.2d 859

In the Matter of the ESTATE OF Mary E. MARTIN, a/k/a Mary Elizabeth Martin, Deceased.

Rosa HANVEY, Plaintiff-Appellant,

v.

D. B. STONE, Personal Representative and New Mexico Boys Ranch, Inc., Defendant-Appellee.

No. 5100.

Court of Appeals of New Mexico.

Dec. 22, 1981.

George T. Harris, Jr., Susan Stockstill Julius, Modrall, Sperling, Roehl, Harris & Sisk, P. A., Albuquerque, Ronald G. Harris, Ruidoso, for plaintiff-appellant.

Paul J. Kelly, Jr., Hinkle, Cox, Eaton, Coffield & Hensley, Roswell, for Personal Representative, D. B. Stone.

Carl H. Esbeck, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for N. M. Boys Ranch.

## OPINION

DONNELLY, Judge.

This is an appeal by Rosa Hanvey, a first cousin of testatrix, from a district court order determining that testatrix Mary E. Martin died testate, leaving her entire estate to the New Mexico Boys Ranch, Inc., a contingent devisee. We reverse the decision of the trial court.

Testatrix Mary E. Martin died on September 18, 1979, in Clovis, New Mexico, leaving a will dated August 17, 1966. She had never married and had never had children. Both of her parents and her only brother had predeceased her. Testatrix's mother, Mary M. Martin, died on July 23, 1973, more than six years prior to testatrix's death. Shortly before her death, testatrix conveyed by deed the bulk of her estate, consisting of all her interest in several parcels of real estate and a ranch in Roosevelt County to her attorney in Clovis, New Mexico, with an oral request that such property be held in trust for the benefit of New Mexico Boys Ranch, Inc.

The parties have stipulated the last will and testament of decedent was validly executed and witnessed. At the final hearing on the settlement of the estate, neither contestant nor proponents presented any extrinsic evidence except for the will itself, a stipulation as to the date of death of testatrix's mother, and a stipulation as to heirship. Both parties in their argument to the trial court and before this court on appeal implicitly contend that the language of the will is unambiguous. The focus on the dispute of the parties concerns the proper construction to be accorded the testatrix's intent as expressed by the provisions of her will.

Appellant Rosa Hanvey has raised two points here: (1) testatrix's intent may be ascertained only from the construction of the language of the will itself; and (2) paragraph four of the will was a conditional, contingent bequest to the Boys Ranch which is inoperative because the contingency failed to occur.

## I. *Construction of the Will:*

Testatrix's will was a terse document comprising seven numbered paragraphs and occupying only one and one-half pages including the attestation clause. The pertinent provisions of testatrix's will read as follows:

> SECOND: I will, devise and bequeath all the rest, remainder and residue of my estate, real, personal or mixed, wheresoever situated, which I may own or be entitled to at the time of my death unto my beloved mother, Mary M. Martin, absolutely.

> THIRD: I hereby declare and state that I have a brother, Aubrey Lee Martin, who is presently living at Socorro, New Mexico, who is the only other person known to me who might expect to share in my estate, and that it is my express will and desire that he receive no part of my estate whatever.

FOURTH: In the event that my death should occur simultaneously with my beloved mother, Mary M. Martin, or approximately so, or in the same common accident of calamity, or under any circumstances causing doubt as to which of us survived the other, then it is to be presumed that my said mother, Mary M. Martin, died first, and the paragraph herein denominated second shall lapse and be inoperative, and I then give, devise and bequeath all of the rest, remainder and residue of my estate, real, personal or mixed, wheresoever situated, which I may own or be entitled to at the time of my death, to the New Mexico Boys Ranch, Belen, New Mexico.

FIFTH: I hereby nominate, constitute and appoint my beloved mother Mary M. Martin, as Executrix of this my LAST WILL AND TESTAMENT and direct that she be exempt from giving any bond or security for the faithful performance of her duties as such.

SIXTH: In the event of simultaneous death with my mother, as herein specified, then I nominate and appoint D. B. Stone of the Portales National Bank, Portales, New Mexico, as Executor of this my LAST WILL AND TESTAMENT, and direct that he be exempt from giving any bond or security for the faithful performance of his duties as such.

SEVENTH: It is my express will and desire and direction to leave all my property just as I have devised and bequeathed it in this my LAST WILL AND TESTAMENT. I have noted in my lifetime that many times some person or persons have attempted through courts and otherwise to establish a right to inherit from a deceased person. I do not wish for this to happen in my estate; therefore, should any person or persons other than my beloved mother, Mary M. Martin, establish a right to inherit from me or against my estate of any character whatsoever, or in any manner whatever, then and in that event I hereby give and bequeath unto such person or persons the sum of ONE DOLLAR ($1.00) each, which shall constitute the only share of any such person or persons in my estate.

Appellant contends that the language of the will is clear and unambiguous and that a plain reading of the will as a whole, including paragraph four, reveals an intention on the part of the testator to bequeath her estate to the New Mexico Boys Ranch solely upon the happening of the contingency that the testatrix and her mother were to die simultaneously or under circumstances causing doubt as to which of them survived the other. Under appellant's theory, the intent of the decedent as expressed unambiguously in her will was that the residuary portion of her estate should pass through intestacy to her legal heirs because the contingency did not occur.

The parties' apparent concession that the will was not ambiguous is significant. As stated in *Matter of Estate of Zahradnick*, 6 Kan.App.2d 84, 626 P.2d 1211 (1981):

The critical test in determining whether a will is ambiguous is whether the intention of the testator or testatrix can be determined from the four corners of the instrument itself. If the testamentary intention can be gleaned from the face of the will, ambiguity does not exist; otherwise it does.

The rule as stated above is consistent with the decisions of our Supreme Court concerning the definition of ambiguity in the law of contracts. *Walters v. Hastings*, 84 N.M. 101, 500 P.2d 186 (1972); *see Young v. Thomas*, 93 N.M. 677, 604 P.2d 370 (1979); *Harp v. Gourley*, 68 N.M. 162, 359 P.2d 942 (1961). Whether the language is ambiguous is a question of law. *Young v. Thomas, supra.*

Where a will is unambiguous, extrinsic evidence is not admissible to vary, contradict or supplement the language of the will, or to give a different intention on the part of the testator from that stated in the will itself. *Lamphear v. Alch*, 58 N.M. 796, 277 P.2d 299 (1954); *Estate of Riemcke v. Schreiner*, 80 Wash.2d 722, 497 P.2d 1319 (1972); *Carney v. Johnson*, 70 Wash.2d 193, 422 P.2d 486 (1967); *Estate of LaGrand*, 47

Or.App. 81, 613 P.2d 1091 (1980). Extrinsic evidence may, however, be admitted even when a will is not ambiguous, where it is offered to identify the beneficiaries or to determine what property the testator meant to dispose of by the language used in the will. *Moore v. Bean*, 82 N.M. 189, 477 P.2d 823 (1970); *Matter of Estate of Shadden*, 93 N.M. 274, 599 P.2d 1071 (Ct.App. 1979).

█ In an unambiguous will the court looks to all language of the instrument to garner the intention of the testator. If the provisions are reasonably susceptible of one meaning that is consistent with all the other provisions of the will, that meaning must be upheld and a different intention cannot be established by resort to rules of construction. *Lamphear v. Alch, supra; Brown v. Brown*, 53 N.M. 379, 208 P.2d 1081 (1949).

Appellees argued to the trial court and have reasserted on appeal that paragraph four of testatrix's will constituted both a simultaneous death clause and also a general residuary clause. The trial court accepted this argument and found that appellant should take nothing under the will and that testatrix intended to leave her entire estate to her contingent devisee, the New Mexico Boys Ranch.

█ The touchstone governing the construction of an unambiguous will is the determination of the intent and meaning of the testator from the four corners of the instrument itself. *Gregg v. Gardner*, 73 N.M. 347, 388 P.2d 68 (1963); *In Re Will of McDowell*, 81 N.M. 562, 469 P.2d 711 (1970); *Lewis v. Lewis*, 61 N.M. 337, 300 P.2d 791 (1956); *Perea v. Barela*, 5 N.M. 458, 23 P. 766 (1890) *aff'd on rehearing* 6 N.M. 239, 27 P. 507 (1891); § 45–2–603, N.M.S.A.1978, *formerly codified as* § 32A–2–603, N.M.S.A. 1953. No extraneous evidence was necessary or appropriate under the circumstances to arrive at the intention of testatrix as expressed in her will. The trial court, as reflected by the record, properly limited itself to arriving at a construction of the will from the language contained in the instrument itself.

II. *Effect of the Contingency Clause*:

Our examination of the will in question here confirms that testatrix's will was unambiguous. Finding this to be the case, we turn to the question of whether the language of the will evinced an intention on the part of the testatrix to leave her estate to the New Mexico Boys Ranch in the event her mother did not survive her. Paragraph four of testatrix's will constituted a contingent bequest conditioned upon the happening of the simultaneous deaths of both the testatrix and her mother.

Testatrix's will in the paragraph six gives further weight and emphasis to the fact that she intended paragraph four to constitute a contingency clause to be triggered only in the event of her simultaneous death with that of her mother. Paragraph six states in part: "In the event of the *simultaneous* death with my mother as herein specified, then I nominate and appoint D.B. Stone ..., as Executor ...." Such language indicates that the alternative nominee as executor is to serve only "in the event of the simultaneous death ...."

█ A provision in a will that clearly contains a condition precedent to its operation is a contingency clause. Such a provision is operative if the contingency happens or occurs, but its operation is defeated by failure or the non-occurrence of such contingency. *Methodist Church of Sturgis, Inc. v. Templeton*, 254 Miss. 197, 181 So.2d 129 (1965).

█ A cardinal rule applicable to the interpretation of a will is to give effect to the testatrix's intent. *Gregg v. Gardner, supra; Lamphear v. Alch, supra; Wollard v. Sulier*, 55 N.M. 326, 232 P.2d 991 (1951). In furtherance of such rule there is a presumption in favor of testacy and against intestacy. *Matter of Estate of Shadden, supra; Estate of Riemcke v. Schreiner, supra*.

█ But as stated by the court in Estate of *Riemcke v. Schreiner, supra*, "While the presumption favors testacy, the court is not relieved of its obligation to construe the

language of a will according to the legal effect of the words used."

Similarly, as enunciated in *Lamphear v. Alch, supra,* the duty of the court in interpreting an unambiguous will is concisely set out in 4 Page on Wills, § 1617 (3d ed. 1941):

In determining the testator's intention, the true purpose of the inquiry is to ascertain not what he meant to express apart from the language used, but what the words he has used do express.

■ The will before us must be construed as written and we cannot make a new will for the testatrix. *Glover v. Reynolds,* 135 N.J.Eq. 113, 37 A.2d 90 (Ct.Ch. 1944), aff'd 136 N.J.Eq. 116, 40 A.2d 624 (1945). In arriving at the proper construction of a will, it must be presumed that the testatrix understood and intended to give effect to the provisions thereof. *In Re Searl's Estate,* 29 Wash.2d 230, 186 P.2d 913 (1947).

In support of the result reached by the trial court herein, appellees also have advanced the argument that the devise of the entire estate to testatrix's mother in the second paragraph of the will indicates an intention to dispose of her entire estate and to leave nothing to intestacy. It is further argued that the language of paragraph three of the will, clearly disinheriting testatrix's brother, and the statement that he is the only person known to testatrix who might otherwise be entitled to inherit from her estate, is evidence that testatrix intended no one to take by intestacy. Appellees further claim that the "no contest clause" contained in paragraph seven of testatrix's will further supports testatrix's intention that only the New Mexico Boys Ranch inherit her estate following the death of testatrix's mother.

■ We construe the no-contest clause contained in paragraph seven of the will to have been applicable only if the testatrix had predeceased her mother or had died under circumstances where their deaths appeared simultaneous. Further, no-contest clauses, although valid and enforceable, are not effective to disinherit a party who has contested a will in good faith

and with probable cause to believe that the will was invalid. *Matter of Estate of Seymour,* 93 N.M. 328, 600 P.2d 274 (1979).

The arguments advanced by appellees interpreting paragraph four of testatrix's will as a general residuary clause instead of a contingent bequest results in a strained reading of the will's plain language. Neither do we see this as a case that is governed by the anti-lapse statutes in force in New Mexico either at the time of the making of the will or date of testatrix's death. Section 45–2–605, N.M.S.A.1978; (*see former* § 32A–2–605, N.M.S.A.1953).

■ Although we are mindful of the presumption against intestacy, it cannot warrant revision of the clear wording of testatrix's will. The will as executed by the testatrix herein, seemingly contemplated only two possible situations: (1) that her mother would survive her, or (2) that she and her mother would die simultaneously or under circumstances causing doubt as to which of them survived the other. Testatrix's will did not expressly provide for the circumstance which did occur. More than six years transpired between the death of testatrix's mother and her own death. Testatrix's failure to include in her will an unqualified provision disposing of her estate to another if her mother predeceased her under circumstances not amounting to simultaneous deaths, or to make a codicil or a new will, is a factor that cannot be cured now by the court. This court cannot by a process of construction write a new testamentary instrument under such facts. *Compare Glover v. Reynolds, supra.*

Under the state of facts which exist in this case and the wording of testatrix's will, the construction contended for by appellees necessitates disregarding the ordinary import of testatrix's will. These factors lead us to reach a similar result as that stated by the court in *Lamphear v. Alch, supra.* There the court held in applicable part:

We think any construction which carries us away from the plain, understandable and commonplace meaning of the words here employed leads us into a lush

growth of tangled conjecture, which indulged, makes any declaration of intent on the part of the testator pure guesswork, as likely to defeat as to carry out his true intent.

The trial court herein was obviously placed in a difficult position. The court clearly attempted to apply a construction of the will which would result in the avoidance of intestacy, however, such construction is contrary to the fact that the only provision in decedent's will making a devise or bequest to the Boys Ranch is clearly worded as a conditional gift and contingent only on the happening of an event which did not occur.

It follows therefore, that the order of the trial court finding that testatrix's last will and testament devised her entire estate to the New Mexico Boys Ranch, Inc., should be set aside, and this cause should be remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

LOPEZ, J., concurs.

SUTIN, J., specially concurs.

SUTIN, Judge (specially concurring).

I concur.

This is a Will contest between Rosa Hanvey, a cousin of Mary E. Martin, deceased, but a stranger to the Will, and the Boys Ranch, a charitable corporation. My sympathies are with the Boys Ranch, but the law is not. If any reasonable legal basis could be found to support the trial court's judgment, I would affirm.

The only issue is this:

Under controlling rules of law, can this Court transform a conditional residue provision in the FOURTH paragraph of the Will, which condition did not occur, into an unconditional residue provision?

The FOURTH paragraph set forth in Judge Donnelly's opinion is unambiguous. If Mary died simultaneously with her mother, the residue of her estate would pass to the Boys Ranch. The simultaneous death did not occur. She failed to provide for the disposition of her estate in the event she and her mother did not die simultaneously. The Boys Ranch wants us to delete the conditional portion of the FOURTH paragraph. One case is cited to support its position. *In re Smith's Will*, 111 N.Y.S.2d 565 (1952).

The Will provisions were similar to those in Mary E. Martin's Will. Without reference to any rules of law or citation of cases, the surrogate judge said:

Each [husband and wife] wanted the survivor to take the property of the first to die, and each wanted the persons named in the third paragraph to take the survivor's estate. Only by so reading the will may effect be given to all its provisions. * * * The express language of the will, as interpreted herein, is effective to dispose of testatrix' property. [Id. 567.]

The surrogate judge read the Will, concluding that the simultaneous death condition in the third paragraph of the Will was an aberration. Even though the residue provision was conditional upon simultaneous death, an event that did not occur, the judge disregarded the conditional portion of the third paragraph.

A dissenting opinion in *In re Estate of Dickerhoff*, 267 So.2d 388 (Ct.App.Fla.1972), conceded that "*if taken literally*," the simultaneous death condition was controlling but the judge said:

[M]y dissent is based upon the view that the language should not have been taken literally when to do so does violence to logic and reason and produces a result which appears (at least to me) to be contrary to the clear intent of the testatrix. [Id. 389.]

If a district or appellate court used "logic and reason" to determine a testator's intent, multitudinous differences would result. Language used in various provisions of the Will would, by analytical process, establish what the court thought was the testator's intent. It would express the intent of the court, not the testator's intent. One of the rules of logic is: "Reason is the soul of the law, and when the reason of any

particular law ceases, so does the law itself." Broom, *Selection of Legal Maxims* (5th Am.Ed.1864) at 113. This is an ancient and still vital maxim which tells us that when reason ceases, the rule ceases. In other words, when the reason for the rule of "logic and reason" is to express the intent of the court, reason ceases. So does the rule. We should not follow *In re Smith's Will* and the dissent in *Dickerhoff.* We should *not* disregard the following condition of the FOURTH paragraph:

> In the event that my death should occur simultaneously with my beloved mother, Mary M. Martin * * * then it is to be presumed that my said mother * * died first, and the paragraph herein denominated second shall lapse and be inoperative * * * *

Paragraph by paragraph, by an analytical process, Boys Ranch struggled to effect this deletion. At the Fourth paragraph, it relied upon *Lewis v. Lewis*, 61 N.M. 337, 300 P.2d 791 (1956). In *Lewis*, the residue of the estate was given to three sons "and to the heirs of their body per stirpes." To effect the intent of the testatrix, the court changed the word "and" to "or" so that the Will read *"or to the heirs of their body."* The court said:

> The words "and" and "or" are frequently used interchangeably to effectuate the testator's intention. [Id. 339, 300 P.2d 791.]

The Boys Ranch claims:

> In like manner * * * as in *Lewis*, paragraphs "SECOND," "FOURTH" and "SEVENTH" of Mary E. Martin's Will express *the* intent to dispose of her entire estate and pass nothing intestate.

The similarity escapes me. The interchange of "and" and "or" to effect testatrix' intent does not approach the deletion of the simultaneous death clause which included the lapse of the Second paragraph.

The same result comes by way of the application of *Lindley v. Lindley*, 67 N.M. 439, 356 P.2d 455 (1960), to paragraph Sixth.

The Boys Ranch relies on *Torres v. Abeyta*, 42 N.M. 665, 84 P.2d 592 (1938), for the proposition that "Mary E. Martin can logically be presumed to have changed her Will during the six years since her mother's death had she not already provided for a contingent devisee." Not so. Based upon "reason or motive" of making a bequest, the court said it was "not the sole reason for the bequest, because, if so, it seems likely that she would have changed her will." [Id. 671, 84 P.2d 592.] Its argument is another method by way of "logic and reason" to avoid the condition precedent of the simultaneous death clause. *Torres* did, however, quote the general rule:

> "A condition precedent is one that must be fulfilled before an estate can vest." [Id. 671.]

The general rule is that a "contingent" Will takes effect only if the contingency happens or occurs, but is defeated by the failure or non-occurrence of the contingency. *Torres*, supra; *Jackson v. Estate of Jackson*, 249 Ark. 749, 460 S.W.2d 799 (1970); *Wilson v. Higgason*, 207 Ark. 32, 178 S.W.2d 855 (1944); *Walker v. Hibbard*, 185 Ky. 795, 215 S.W. 800 (1919), 11 A.L.R. 832 (1921); *Annot., When will deemed contingent*, 11 A.L.R. 846 (1921), Supplemented, 79 A.L.R. 1168, superseded, *Annot., Determination Whether Will is Absolute or Conditional*, 1 A.L.R.3d 1048 (1965); *Succession of Martin*, 262 So.2d 46 (La.App.1972); *Methodist Church of Sturgis, Inc. v. Templeton*, 254 Miss. 197, 181 So.2d 129 (1965); *Glover v. Reynolds*, 135 N.J.Eq. 113, 37 A.2d 90 (1944), aff'd 136 N.J.Eq. 116, 40 A.2d 624 (1945); *Meszaros v. Holsberry*, 84 So.2d 565 (Fla.1956); *American Trust & Safe Deposit Co. v. Eckhardt*, 331 Ill. 261, 163 N.E. 843 (1928) (where simultaneous death did occur); *Re Searl*, 29 Wash.2d 230, 186 P.2d 913 (1947), 173 A.L.R. 1247 (1948).

*Mason v. Mason*, 268 S.E.2d 67, 68 (W.Va. 1980), puts the rule in this fashion:

> A will may be conditional or absolute, depending on the language used and whatever can be devined about a testator's intent in its usage. If the language is clearly conditional, a court must deter-

mine whether the language represents the inducement or occasion for making the will, or whether it is a condition precedent to the operation of the document.

The court points out, however, that inducement or motivation "arises primarily about wills that make reference to death while traveling or from illness." [Id. 69.] In contingency Will cases, the simultaneous death clause is a condition precedent to the operation of the document.

*In Matter of Estate of Gardner*, 615 P.2d 1215 (Utah 1980), the testatrix stated in her olographic will that she intended to leave her estate to her daughters. This was followed by a provision that the daughters take over the mother's share "'In the event my husband precedes me in death ....'" Intention being clear, the Will was held to be absolute, not conditional. A careful scan of Mary's Will discloses no intent to give the residue of the estate to the Boys Ranch free of the simultaneous death contingency.

*McDonald v. Clermont*, 107 N.J.Eq. 585, 153 A. 601, 603 (1931), puts it bluntly:

No matter how certain we may feel that the testator has omitted to make a certain provision through oversight, and that he would have made the provision if he had thought of the contingency, nevertheless, if he did in fact overlook it and fail to make it, the court cannot make it for him.

\*     \*     \*     \*     \*     \*

I think there is scarcely any doubt that, if the testator could be called back to life and interrogated, he would say that he desired the son's issue to take, under the contingency which happened. But he cannot now say it; and he did not say it in his will, and this court cannot say it for him. It is regrettable, but, after all, it is the testator's own fault. The law throws all possible safeguards about the execution of a will, so a man may be sure that his property will go in accordance with what he provides in his will; but the law cannot—or at least does not—compel a man to have his will drawn by some one who knows how.

\*     \*     \*     \*     \*     \*

PER CURIAM.

The decree order appealed from will be affirmed for the reasons stated in the opinion filed in the court below by Vice Chancellor Buchanan. [Id. 153 A.2d at 604.]

When a condition precedent is not fulfilled and the Will does not vest the residuary estate, the Will is inoperative and void. Decedent's estate passes according to the rules governing intestacy. The decedent's estate descends to Rosa Hanvey, Mary E. Martin's sole heir at law, under the laws of descent and distribution. *Dickerhoff*, supra; *Jackson*, supra; *Succession of Martin*, supra; *Glover*, supra; *McDonald*, supra.

I concur in Judge Donnelly's opinion.