518 S.E.2d 615

**In re ESTATE OF Irene D. BLANKENSHIP.**

**Anne Blankenship Harrell, Appellant,**

v.

**Jean B. Grady, Personal Representative, Respondent.**

**No. 3002.**

Court of Appeals of South Carolina.

Submitted April 13, 1999.

Decided June 1, 1999.

Susan T. Kinard, of Kinard & Kinard, of North Charleston, for appellant.

William W. Peagler, III, and Jeffrey S. Weathers, both of Moncks Corner, for respondent.

HOWELL, Chief Judge:

Anne Blankenship Harrell appeals the circuit court's denial of her motion for summary judgment and its grant of summary judgment to Jean B. Grady, the Personal Representative of the estate of Harrell's mother, Irene Dennis Blankenship. We reverse and remand.

I.

Charles Blankenship, Sr. and Irene Dennis Blankenship (together "the Blankenships") executed a joint will on October 12, 1989. In the will, they made provisions for burial and directed their funeral expenses and just debts be paid from their estates. They then devised their entire estates to the survivor. The will also provided,

> In the event we should die simultaneously or within a short time of each other, we hereby give, devise, and bequeath all of the property of every kind or nature, real, personal, or real or personal mixed, of which either of us may die seized and possessed, to our beloved children, Jean Blankenship Grady, Charles Clyde Blankenship, Jr. and Karl D. Blankenship. We have intentionally not given, devised or bequeath[ed] unto our daughter, Anne B. Harrell, anything for we have amply provided for her during our lifetimes.

Mr. Blankenship died on October 30, 1992. Mrs. Blankenship died on January 18, 1996.

The joint will was admitted to probate. Harrell filed a petition, asserting that the will should be construed as making no provision in the event the Blankenships failed to die simultaneously or within a short time of each other. She sought distribution of the estate among Mrs. Blankenship's intestate heirs. Upon Harrell's motion, the case was transferred to circuit court.

In its order, the trial court held that the language of the will as a whole clearly demonstrated an intent of Mrs. Blankenship to dispose of her entire estate. In addition, the court found clear and unambiguous the language setting forth the Blankenships' intent not to make a devise to Harrell. Although the court found the Blankenships did not die simultaneously or within a short time of each other, the court held that the

conditional clause was not important in the interpretation of the intent of the testator to disinherit Harrell.

## II.

"Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Café Assocs., Ltd. v. Gerngross,* 305 S.C. 6, 9, 406 S.E.2d 162, 164 (1991).

■ Harrell argues the trial court erred in giving effect to the provisions of Mrs. Blankenship's will that were conditioned upon the happening of simultaneous or common death. We agree.

■ A conditional or contingent will is a will that conditions its validity upon the occurrence of a specific event. If the event does not take place, the will is void and the decedent's estate passes under the laws of intestacy. *See Capps v. Richardson,* 215 S.C. 34, 38, 53 S.E.2d 876, 877 (1949). Although the law engages a presumption against intestacy, this presumption may be overcome by the "facts and plain language of the will." *Albergotti v. Summers,* 203 S.C. 137, 147, 26 S.E.2d 395, 400 (1943).

■ Whether a will is conditional depends upon the facts of each case. *See Capps,* 215 S.C. at 38, 53 S.E.2d at 877. "[T]he 'courts will not regard a will as conditional or contingent unless the intention of the testator to make it so clearly appears, either expressly or by necessary implication, from the language of the will as a whole.'" *Id.* at 39, 53 S.E.2d at 878 (quoting 57 Am.Jur. *Wills* § 672). "In searching for [the testator's] intention, however, [the court] may not conjecture how the testator might have chosen to express himself had his mind adverted to the particular contingency. . . . [The court] may not redraft the [w]ill, nor . . . doctor a crucial part." *Limehouse v. Limehouse,* 256 S.C. 255, 257, 182 S.E.2d 58, 59 (1971).

The Blankenships' will is clearly and unambiguously conditional. It provides for disposition of the Blankenships' estate to the survivor if one predeceases the other or, in the alternative, to their children other than Harrell if the Blankenships

die simultaneously or within a short time of each other. Any presumption against intestacy is overcome by the clarity of the language indicating that the gift of the property to anyone other than the surviving spouse is expressly conditional on the simultaneous or near simultaneous death of both spouses. The conditional language is in every donative clause in the will except for the provision giving the surviving spouse all the property of the other spouse. Even the denomination of Grady as the executrix of the estate is conditional on the Blankenships' simultaneous death. The will simply does not make any provision for disposition of the estate upon the death of the survivor unless that death occurs within a short time of the other spouse's death. To the contrary, that the will contemplates death of the surviving spouse very close in time to the other spouse indicates that the Blankenships considered the contingency of one spouse's surviving the other yet chose to do nothing about it unless their deaths were nearly simultaneous.

Furthermore, that the will contains an explicit disinheritance of Harrell does not change our position. The provision disinheriting Harrell is in the same paragraph as the alternate disposition to the children in the event of a simultaneous death. This location shows that the Blankenships intended to leave the decision of how to distribute the surviving spouse's property to the surviving spouse. Thus, reading the will as a whole, we conclude that the disinheritance provision was dependent on the Blankenships' simultaneous deaths. *See Citizens & Southern Nat'l Bank v. Roach*, 239 S.C. 291, 296, 122 S.E.2d 644, 647 (1961) ("[I]n determining the meaning of words in a will, they must be construed in their context and not in isolation, apart from other portions of the will."); *Schultz v. Barr*, 186 S.C. 498, 502, 196 S.E. 177, 179 (1938) ("The meaning which the testator intended to convey, by the use of particular words and expressions, will be determined from their relationship to other words and expressions used, and, when his intention is discovered, it will be enforced, notwithstanding that a meaning broader or narrower than is usual be given to particular words and phrases.").[1]

---

1. Grady requests that this court find *In re Trager's Estate*, 413 Ill. 364, 108 N.E.2d 908 (1952) and *In re Rentall's Will*, 60 N.Y.S.2d 646 (N.Y.Surr.Ct.1945) persuasive. These cases hold wills unconditional in

In conclusion, we can find no evidence from the will itself that the Blankenships intended the bequests to third parties to operate even if one spouse survived the other for a significant period. As described above, our duty is to interpret the will from the language the testator used to determine the testator's intent. We cannot re-write the will in order to eliminate the contingency of simultaneous death from the alternative disposition to the children other than Harrell. Neither party disputes the trial court's finding that this contingency did not occur. Accordingly, because Mrs. Blankenship failed to make a disposition of her estate in her will, her estate must pass under the rules of intestacy. *See Jackson v. Estate of Jackson,* 249 Ark. 749, 460 S.W.2d 799 (1970) (holding that unambiguous language of joint will indicated the will was conditional because the will only provided for a distribution of property to the surviving spouse or to others in the event that the testator and her husband died simultaneously or that their deaths occurred within thirty days of each other); *Glover v. Reynolds,* 135 N.J. Eq. 113, 37 A.2d 90, 91 (Ch.1944) (In a case where the will only disposed of property to the surviving spouse or, in the alternative, to others if the couple died simultaneously, the testator "completely overlooked the contingency which did occur. Her failure to anticipate this, or, in the alternative to execute a new will in the four months which intervened between the death of her husband and her death, cannot now be cured. This court, under the guise of construing the will, will not write a new one."), *aff'd,* 136 N.J. Eq. 116, 40 A.2d 624 (1945).

For the foregoing reasons, the trial court's order is
**REVERSED AND REMANDED.**

CONNOR, J., concurs.

GOOLSBY, J., dissents in a separate opinion.

GOOLSBY, Judge (dissenting):

I respectfully dissent from my fine colleagues' conclusion that Anne Harrell may take a portion of Irene Blankenship's estate under the intestacy statute. Rather, I would affirm the

---

similar circumstances to those at bar. However, in light of our discussion above, we decline to follow these cases.

decision of the circuit court because giving effect to the disinheritance clause in Mrs. Blankenship's will ("Item IV") is the only way to fulfill her clearly expressed testamentary intent.

Perhaps the most basic tenet of will construction is that the court should strive to give effect to the intent of the testator. *May v. Riley*, 279 S.C. 248, 305 S.E.2d 77 (1983); *In re Estate of Fabian*, 326 S.C. 349, 483 S.E.2d 474 (Ct.App.1997). The intent of the testator is to be gleaned from the entire written instrument. *Echols v. Graham*, 256 S.C. 202, 182 S.E.2d 69 (1971). Similarly, the court should "indulge in every presumption" to validate a will and thereby avoid intestacy. *See Meier v. Meier*, 208 S.C. 520, 526, 38 S.E.2d 762, 765 (1946) ("The law strongly favors the sustaining of a will as opposed to its invalidation and will indulge in every presumption against intestacy."); *Abrams v. Templeton*, 320 S.C. 325, 330, 465 S.E.2d 117, 121 (Ct.App.1995) ("The law abhors intestacy and will indulge every presumption in favor of the validity of the will."). Finally, it is a long-standing rule in this state that a will speaks at the time of death. *Shelley v. Shelley*, 244 S.C. 598, 137 S.E.2d 851 (1964).

Here, the obvious intent of Mrs. Blankenship was to prevent Harrell from taking from the estate because her share had already been given her through *inter vivos* transfers. Mrs. Blankenship executed a will clearly expressing this intent and the record contains no evidence indicating she ever revoked or otherwise tried to invalidate this will. We should make every effort, therefore, to construe the will so as to give effect to the clearly expressed testamentary intent and to avoid intestacy.

Viewing the will in its entirety, "Item IV" appears to be a default plan to avoid intestacy through an alternative testamentary scheme meant to apply when both spouses die without making a substitute will. This situation could occur either when both spouses die simultaneously or when the surviving spouse is unable or does not desire to make a substitute will. Consequently, I would construe "Item IV" to be applicable in any circumstance where there is not a surviving spouse to take the estate of the spouse whose estate is in probate. As such, "Item IV" should take effect where, as here, one spouse survives the other by a substantial period without making a

new will just as it would if both spouses died simultaneously. *Cf. In re Rentall's Will,* 60 N.Y.S.2d 646 (Surr.Ct., Queens County 1945) (construing a provision in a joint will to be effective when one spouse predeceased the other by eleven months, even though provision purported to take effect when spouses died "at or about the same time," in order to give effect to the intent of the testator and to avoid intestacy); *In re Trager's Estate,* 413 Ill. 364, 108 N.E.2d 908, 914 (1952) (giving effect to a will codicil purporting to apply when spouses died within a short time of each other, even though husband survived wife by over three years, because the "well-considered plan" set forth in the codicil and the "care with which the instrument was preserved" indicated that there was no intent for the codicil to be contingent on near simultaneous death of the spouses).

I would affirm.