This action involves an appeal from a decree of partial distribution. The court below decreed distribution to the surviving nieces and nephews on a per stirpes or representative basis and not on a per capita basis.
The facts are not in dispute and are substantially these: The decedent, Charles Yonk, died intestate. He left no surviving wife, no issue, father mother, brother, or sister. His sole surviving heirs and those involved in this appeal are 24 nieces and nephews. These heirs are children of decedent's brothers and sisters and are grouped by families as follows: One heir is a child of Henry A. Yonk, a predeceased brother. Two of the heirs are children of Elizabeth Yonk Cowley, a predeceased sister. Three of the heirs are children of William F. Yonk, a predeceased brother. Seven of the heirs are children of Fred C. Yonk, a predeceased brother. Eleven of the heirs are children of Minnie Yonk Kidman, a predeceased sister.
The appellant is the duly appointed, qualified and acting administrator of the estate of Charles Yonk, deceased, and is one of the eleven children of Minnie Yonk Kidman. His first annual account has been filed and approved by the court, and a partial distribution appears in order as the distribution of the funds will leave the estate in such financial condition as to be able to pay the remaining expenses of administration. *Page 295 
The administrator, in his original petition for partial distribution, alleged that he was uncertain as to the proper method of distribution and prayed that the court make this determination. This petition was subsequently dismissed by the administrator and an amended petition was filed in which he requested that the court distribute the assets of the estate to the nieces and nephews on a per capita basis. The court refused to make the distribution as prayed for in the amended petition, but on the contrary, ordered distribution on a representative basis. This order resulted in an appeal to this court by the administrator. Accordingly, the single question posed in this appeal is whether or not distribution should be made as ordered by the trial court.
Succession to estates is purely a matter of statutory regulation and the provisions of our statutes which are presently involved are contained in Section 101-4-5, U.C.A. 1943, There are four subdivisions of this section which aid us in determining the legislative intent and these are quoted later as we prefer to set up the original and amended wording in two separate columns so that the changes will be readily discernible.
Appellant, to sustain his position, relies on decisions of the California courts which hold that a statute worded similar to our earlier act indicates a legislative intent that property be distributed to nieces and nephews on a per capita basis if there are no surviving wife, issue, father, mother, brother or sister. Particularly, appellant relies on the cases of In re Estate ofNigro, 172 Cal. 474, 156 P. 1019 decided by the California Supreme Court on April 11, 1916, and In re Ross' Estate,187 Cal. 454, 202 P. 641, decided December 2, 1921. These decisions were rendered prior to the time the provisions of our statutes were amended and deal only with the wording of a section that is not now involved.
We said in the case of International Union of OperatingEngineers, Local No. 3 v. Utah Labor Relations Board, et al., *Page 296 115 Utah 183, 203 P.2d 404, 414, that where our legislature adopts the statute of another state, it is generally assumed that the construction of the act by courts of that state is adopted with the act. Mr. Justice Wolfe, author of the opinion in that case, states the following rule:
"It is a familiar principle of statutory construction that where a statute has received a judicial construction and is afterwards adopted by another state it will be presumed to have been enacted with that construction placed upon it.Fuller-Toponce Truck Co. v. Public Service Commission,99 Utah 28, 96 P.2d 722. However, this court is not absolutely bound by such construction, and if deemed clearly wrong, such construction will not be followed. In re Reynolds' Estate,90 Utah 415, 62 P.2d 270."
There might be force to appellant's argument, and we might feel constrained to follow the quoted case if we were interpreting an act that was the same as the one interpreted by the California courts. With similarly worded sections, we might accept the reasoning as persuasive. However, not having been called upon to interpret the act until after it was amended by statutory revision, the construction, placed on the California act by the California court is no longer of importance.
In interpreting our act, we start with the year 1925. The legislature in that year made some minor amendments to Section 6408, Compiled Laws of Utah 1917, and from 1925 until the code was revised in 1933, the section remained the same. Chapter 89, Laws of Utah 1925, which we refer to as the earlier provision and section 101-4-5, U.C.A. 1943, are set forth and the amendments are italicized for purposes of clarity.
Chapter 89, Laws of Utah 1925:
"3. If the decedent leave no issue, all of the estate, real and personal, of which the decedent died seized or possessed, if not over $25,000.00 in value, exclusive of debts and expenses, goes to the surviving husband or wife; and if over that value $25,000.00 in value thereof goes to the surviving husband or wife, and the excess goes *Page 297 
one-half to the surviving husband or wife, and the other half to the decedent's father and mother, in equal shares, and if either be dead, the whole of said half goes to the other; if there be no father nor mother, then one-half of such excess goes in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation; if the decedent leave no issue, nor husband nor wife, the estate must go to his father and mother in equal shares, or if either be dead, then to the other.
"4. If there be neither issue, husband, wife, father, nor mother, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation.
"5. If the decedent leave a surviving husband or wife, and neither issue, father, mother, brother, nor sister, the whole estate goes to the surviving husband or wife.
"6. If the decedent leave neither issue, husband, wife, father, mother, brother, nor sister, the estate must go to the next of kin in equal degree, excepting that when there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestor must be preferred to those claiming through an ancestor more remote."
Section 101-4-5, U.C.A. 1943:
"(3) If the decedent leaves no issue, all of the estate, real and personal, of which the decedent died seized or possessed, of not over $25,000 in value exclusive of debts and expenses, goes to the surviving husband or wife; and if over that value, $25,000 in value thereof goes to the surviving husband or wife, and the excess goes one-half to the surviving husband or wife and the other half to the decedent's father and mother, in equal shares, and if either is dead, the whole of said half goes to the other; if there is no father or mother, then one-half of such excess goes in equal shares to the brothers and sisters of the decedent, and to the children or grandchildren of any deceased brother or sister by right of representation; if the decedent leaves no issue or husband or wife, the estate must go to his father and mother in equal shares, and if either is dead, then to the other.
"(4) If there is neither issue, husband, wife father nor mother, then in equal shares to the brothers and sisters of the decedent, and to the children or grandchildren of any deceased brother or sister by right of representation.
"(5) If the decedent leaves a surviving husband or wife, and neither issue, father, mother, brother nor sister, nor thechildren or grandchildren of any deceased brother or sister the whole estate goes to the surviving husband or wife. *Page 298 
"(6) If the decedent leaves neither issue, husband, wife, father, mother, brother nor sister, nor children orgrandchildren of any deceased brother or sister, the estate must go to the next kin in equal degree, excepting that when there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestor must be preferred to those claiming through an ancestor more remote." (Italics added.)
In 1933 the section on Succession was revised by a code commission so that after the amendment the section read the same as Section 101-4-5, U.C.A. 1943, quoted above. A comparison of the two acts will show that subsections (3), (4), (5) and (6) were all revised so as to deal with children or grandchildren of any deceased brother or sister.
The changes made in 1933 in revising this section were substantial changes and point to an intent to alter the succession of estates. In dealing with legislative intent, the rule is that while the change in the language of a revised statute does not necessarily indicate an intention to alter the-law and the presumption is that no such purpose was intended, where a change, so significant and clear as the one here involved, modifies the statute in point of substance, the presumption that no change was intended must yield to the fact.
50 Am. Jur. Statutes, page 465, deals with the construction of revised statutes and codes. The general rule is therein set forth as follows:
"In case of doubt and uncertainty as to the meaning of a provision of a code or of compiled or revised statutes, resort in ascertaining its true meaning may properly be had to the act from which the provision was derived, and to the evils of the common law intended to be remedied thereby. This rule is particularly applicable where the code is not subject to a fair construction without consideration of the original statute. Indeed, it is a settled rule of construction that where the entire legislation affecting a partciular subject-matter has undergone revision and consolidation by codification the revised sections will be presumed to bear the same meaning as the original sections and will generally be so construed. The legislative intent to change the former statute must be clear before it can be pronounced that there is a change of such statute in construction *Page 299 
and operation. However, a change may be effected by acodification of laws, and where the intention of the legislatureto change the law is too apparent to admit of any doubt, it must be followed." (Italics ours.)
The changes made by the revision of the act in 1933 were relatively apparent and the legislature having accepted the amendments as made has given the amended section the full force and effect of an original enactment. For this reason, we construe the act as presently written without regards to what interpretations other courts may have put on acts similar to the one under discussion prior to its amendment.
In subsection (3), the latter part of the section reads that if there is no father nor mother, then one-half of such excess goes in equal shares to the brothers and sisters of the decedent and to the children or grandchildren of any deceased brother or sister by right of representation. The earlier section made no provision for the grandchildren of any deceased brother or sister. In subsection (4) the same amendment was made and the word "grandchildren" was inserted so as to permit them to take equally with the children of any deceased brother or sister.
The amendments of these two sections are of no particular importance except to indicate that the legislature adopted an amendment intended to fit the provisions of these sections in with the pattern of the other sections and prefer grandchildren of a deceased brother or sister to other survivors indicated in another section as next of kin.
The important changes intended by the revision are apparent when subsections (5) and (6) of the later enactment are compared with the same sections of the earlier statute. Subsection (5) deals with those situations when the surviving husband or wife inherits all of the deceased's estate. Prior to the revision, the section provided that if the decedent left a surviving husband or wife and did not leave issue, father, mother, brother or sister the whole *Page 300 
estate was to be distributed to the surviving husband or wife. The present act has limited the surviving husband or wife's right to inherit all of the property not only if there be no issue, father, mother, brother or sister, but further only if in addition to those enumerated there be no children or grandchildren of a deceased brother or sister, surviving.
The present section reads as follows:
"If the decedent leaves a surviving husband or wife, and neither issue, father, mother, brother nor sister, nor thechildren or grandchildren of any deceased brother or sister, the whole estate goes to the surviving husband or wife." (Italics added.)
The revision of this subsection clearly indicates an intent to have the children of a deceased brother or sister stand in the place of their deceased parents and share in an estate ahead of other kin not so closely related. Under the old act the surviving heirs or wife's share was not diminished by surviving nieces and nephews or grandnieces or grandnephews but under the present enactment, the surviving wife or husband cannot take all if there are neices, nephews grandnieces or grandnephews to deal with.
The revision of subsection (6) further assists in determining the legislative intent. Prior to the revision, a strict interpretation of the section would require that nieces and nephews be considered as inheriting under the provisions of this section. The early provision extended preference no further than surviving issue, husband, wife, father, mother, brother and sister. The amended and revised section included children or grandchildren of a deceased brother or sister with the more preferred class and withdrew them from the less preferred "next of kin" class. The present subsection now provides that the estate must go to the next of kin in equal degrees only if the decedent leaves neither issue, husband, wife, father, mother, brother and sister nor children nor grandchildren of any deceased brother or sister. *Page 301 
It is our duty in interpreting statutes to reconcile any apparent conflicts, if possible, and to give full force and effect to all provisions. If we were to adopt the construction of the act as contended for by the appellant, it would result in deleting from subsection (6) the words "children or grandchildren of any deceased brother or sister" which were incorporated in this section by the revision. Under appellant's construction, the net result of the revision would be that it was a useless gesture and that the legislature did not intend to change a section which was clearly amended. Such a construction is not favored as it renders some words idle and nugatory.
Adopting the construction which harmonizes and reconciles the various subsections, we hold that the legislature intended children or grandchildren of any deceased brother or sister to take under subsection (4) and not under subsection (6). All of the revisions made indicate the legislature intended to ratify a change in the law which would permit children and grandchildren of a deceased brother or sister to stand in the place of their predeceased parents and to take on a representative basis regardless of whether or not any brother or sister of the deceased was still living. It would be reasonable to construe subsection (4) to require that a brother or sister of the deceased must survive before the provisions of that subsection were to determine succession if it were not for the provisions of subsection (6). Under the latter subsection the reference to children and grandchildren of a deceased brother or sister indicates an intent to expressly exclude them from the next of kin class and to relegate them right back to that class would be in direct conflict with the provisions of subsection (6). They can, however, be included as distributees under subsection (4) without offending against the provisions of either subsection (4) or (6).
While as suggested previously, subsection (4) can be interpreted to the effect that brothers and sisters of decedent must survive in order to permit children or grandchildren *Page 302 
to participate, it can also be reasonably interpreted to permit the children or grandchildren of a decedent's brother or sister to participate on a representative basis regardless of the survival of a brother or sister of decedent. If we were to interpret it in the former manner, we would create a conflict with the provisions of subsection (6); while if interpreting in the latter manner, we leave it entirely consistent with this latter subsection. Accordingly, we hold that the trial court correctly determined that distribution should be on a representative basis rather than a per capita basis.
There is doubt in our minds whether the administrator should have taken this appeal in his representative capacity. Normally, he should not be interested in waging a contest between individual distributees. He represents all of the heirs and not a given class. In this instance, the administrator is one of the nephews who would personally profit by having this case reversed, and he has a personal interest in its outcome. The estate cannot profit by this action and it should not be required to assume the burden of paying the cost of an appeal apparently taken for the benefit of dissatisfied distributees. We, therefore, assess the costs against the administrator personally and direct that attorneys' fees and costs not be charged against the estate.
The judgment of the trial court is affirmed.
PRATT, C.J., and WADE, and WOLFE, JJ., concur.
McDONOUGH, J., not participating. *Page 303