342 P.2d 879

Bessie AUERBACH, Madeleine A. Werner and Selma A. Mohr, Plaintiffs and Appellants,

v.

Fannie F. A. SAMUELS, L. R. Samuels, Frederick Fox Auerbach and Walker Bank & Trust Company, Defendants and Respondents.

No. 8979.

Supreme Court of Utah.

July 20, 1959.

262

Reichman, Vernon & Bennett, C. M. Gilmour, Salt Lake City, for appellants.

Fabian, Clendenin, Mabey, Billings & Stoddard, Albert J. Colton, Bryce E. Roe, Salt Lake City, for respondents.

CALLISTER, Justice.

Appeal from a ruling of the lower court construing the will of the late Frederick S. Auerbach. The ruling was made upon motions for summary judgment by each party.

Appellants are the surviving sisters of the deceased. Respondents Fannie F. A. Samuels ·(Widow of deceased and since remarried) and Frederick Fox Auerbach (decedent's son) are trustees and beneficiaries under the will. Respondents L. R. Samuels (Fannie's present husband) and Walker Bank and Trust Company are trustees under the will, having been nominated by Fannie F. A. Samuels pursuant to a power given her in the will.

Frederick S. Auerbach died on May 28, 1938, at Salt Lake City, Utah. His will was duly admitted to probate . and the final decree of distribution was entered on May 29, 1940.

Under the terms of the will the residue of the testator's estate was placed in trust as follows:

"*Fourth:* · I give, devise and bequeath all of the rest, residue and re-

mainder of my estate, of every nature and kind, wheresoever the same may be situated, to my Trustees hereinafter named in trust however, the income therefrom to be paid to my beloved wife, Fannie Fox Auerbach, for and during the term of her natural life, and upon her death, or in case my said wife shall die before I die, to my son, Frederick Fox Auerbach, for and during the term of his natural life, excepting that if my said son Frederick Fox Auerbach, at the time of the death of my said wife, or at the time of my death should my said wife predecease me, shall have reached the age of forty-five years, my Trustees are directed to pay over and deliver to him two-thirds of the principal of the trust fund, and pay the income from the remaining one-third to him so long as he shall live, but if my said son shall not have reached the age of forty-five years, but shall have reached the age of thirty years at the time of the death of my said wife, or at the time of my death should my said wife predecease me, then my Trustees are to pay over and deliver one-third of the principal of the trust to my said son, paying the income from the remaining principal to him until he reaches the age of forty-five years when one-half of the remaining balance of principal of the trust fund shall be paid to my said son,

and the income from the other half shall be paid to him so long as he shall live. Should my said son not have arrived at the age of thirty years at the time of the death of my said wife, or at the time of my death should his mother predecease me, then do I direct my Trustees to pay over and deliver one-third of the principal of the trust to my said son when he reaches the age of thirty years, and one-half of the balance of the principal when my said son reaches the age of forty-five years.

"I authorize and empower my said Trustees, in their discretion, to anticipate payment of the principal amounts which my said son, pursuant to the terms of this my Will, is entitled to receive at the respective ages of thirty and forty-five years, and such anticipated payments, in the sole discretion of my Trustees, are to be made at one time, or from time to time, but never to exceed one-third of the principal before, nor one-half of the balance after, my son reaches the age of thirty years.

"Upon the death of my said son Frederick Fox Auerbach, or in case my said son shall predecease my wife, then upon the death of my said wife, the trust hereby created shall cease and terminate, and the principal thereof

shall be paid over and delivered to the then living issue of my said son, the same to be theirs, share and share alike, per stirpes and not per capita. Should my said son die without leaving issue, then upon his death, or upon the death of my said wife should my son predecease her, do I direct my said Trustees to pay over and deliver the principal of the trust to my living sisters, the same to be theirs share and share alike."

\*    \*    \*    \*    \*    \*

"*Sixth*: I hereby nominate and appoint my beloved wife, Fannie Fox Auerbach, to be the Executrix of this my Last Will and Testament, and the Trustee of any trust that may arise hereunder, and as Guardian of our said son, to serve without bond or undertaking of any name or nature. In case she shall predecease me, or refuse or be unable to serve, then I nominate and appoint Beatrice Fox Auerbach, of Hartford, Connecticut, as Executrix and as Trustee aforesaid, and as Guardian of Frederick Fox Auerbach, without bond or undertaking of any name or nature, to serve for reasonable compensation.

"In case my said son Frederick Fox Auerbach shall, at the time of my death, be of the age of twenty-one years, I nominate and appoint him as co-Executor of this my Last Will and Testament and co-Trustee of any trust herein created, and direct that he qualify as such without the necessity of furnishing any bond.

"In case my said son shall not be of the age of twenty-one years, at the time of my death, then do I direct that when my said son reaches the age of twenty-one years he qualify as co-Trustee of any trust herein created, and I direct that he qualify as such without the necessity of furnishing any bond.

"I invest my Executrix or Executors and also any Trustee herein provided for with all of the rights, authority and powers of control and management over my estate and the items thereof, including the power to invest and reinvest the funds thereof, to sell and otherwise dispose of, transfer and in every way deal in and with, and handle the estate and its assets to the same extent and with like force and effect as I myself would have if living and without the interposition of any court or tribunal whatsoever.

"In addition to the foregoing general powers, I specifically authorize and empower my Executrix, Executors, Trustee or Trustees to sell, mortgage, lease and/or convey the whole, or any part, of any property of which I may die seized, or which may come into her or their possession as such, without the necessity of obtaining any order, or

orders, therefor from the Probate Court for the District in which this Will is probated.

"I expressly authorize and empower my said Executrix, Executors, Trustee or Trustees, in her or their discretion, to execute leases on the whole, or on any portion, of any property which constitutes my estate, or the estate of any trust herein created, for such period of time as such Executrix, Executor, Trustee or Trustees may deem for the best interests of my estate or any trust herein created.

"Whenever any part of my estate, or trust estate created herein, is to be paid over to any beneficiary, my said Executrix, Executors, Trustee or Trustees may, in their discretion, in lieu of money, pay over and transfer to the person, or persons, entitled to receive the same, such securities, or such real or personal property, or interest therein, as my said Executrix, Executors, Trustee or Trustees shall deem to be a fair equivalent for the amount which is to be paid over, the judgment of my Executrix, Executors, Trustee or Trustees, with respect to such valuation and apportionment to be conclusive.

"I authorize and empower my said Trustees or Trustee, to delegate the power herein given to them, or to her, to any Bank, having power to act as Trustee and organized under the National Banking Act, 12 U.S.C.A. § 21 et seq., or under the laws of the States of Utah or Connecticut, and located either in Salt Lake City, Utah, or Hartford, Conn.

"I authorize and empower my said Trustee, or Trustees, without the necessity of delegating any powers, to engage the services, for such period of time, and under such terms as she, or they, may see fit, of any such Bank as is designated above, to act as agent, or to discharge any of the duties which may be required in the administration of my estate, or any trust herein created.

"I hereby authorize and empower my said Trustee, or Trustees, to add to their number, and in the event of any vacancy, either by death or resignation, to fill the same, recording the designation of such succeeding Trustee in any Probate Court in which this my Will is probated, and such succeeding Trustee shall qualify without the necessity of furnishing any bond.

"Wherever I have used the word 'Trustees' in this my Will, the powers given to them shall apply not alone to those Trustees herein named, but also to the survivors, or survivor, of them, and to any succeeding Trustee."

Appellant's complaint asked for a declaratory judgment construing the terms of the trust and for injunctive relief. The question presented below, and now before this court, is whether or not a release by Fannie F. A. Samuels of her life estate would accelerate the son's right to receive income and principal from the trust estate. We affirm the lower court by holding that the release would effectuate an acceleration.

■ A rule for the interpretation of wills, to which all other rules must yield, is that the intention of the testator must control.[1] This intent must be ascertained from the four corners of the will, unless it is ambiguous.[2]

The will before us is carefully drawn, clear and unambiguous. After certain specific legacies, it provides for a trust of the residue, with the income therefrom to the wife for life. Upon the death of the wife, *or in the event she predeceased testator*, then the son is to receive the income for his natural life and receive payments of principal upon attaining the ages of 30 and 45. Provision is also made to permit the trustees to anticipate the payments of principal to the son.

Appellants argue that the will specifically provides and shows the clear intention of the testator that there can be no invasion of principal by the son (who is now in his thirties) and no termination of the trust in whole or in part during the lifetime of the mother, regardless of whether or not she relinquishes her life interest in the income from the trust prior to her death.

Confining ourselves to the terms of the will, which we must, we are constrained to disagree with appellants. It was clearly the intention of the testator to provide a suitable income for his wife during her lifetime. This was the reason for the postponement of the son's right to receive either the income or the principal of the trust. Had it been otherwise, the deceased would not have provided for the son's immediate enjoyment of the trust in the event testator was predeceased by his wife.

According to appellants, the effect of the lower court's interpretation would be to extinguish and destroy the rights of appellants and any unborn issue of the son in and to two-thirds of the trust estate. We think that the provisions as to distribution after the wife's death was not for the purpose of determining beneficiaries at the time of such death, because the testator provided that the distribution of principal to the son should not occur until he attained the ages of 30 and 45. He obviously contemplated that this would occur after the wife's death.

Provision for appellants or the unborn issue of the son, should he predecease the widow, were remote contingencies only to

1. 74–2–1, 74–2–2, U.C.A.1953.

2. 95 C.J.S. Wills § 591.

be fulfilled if the testator's main objective failed, namely to adequately provide for his wife and son.

Furthermore, the trustees are specifically granted the authority upon death of the wife to anticipate payment of the principal to the son prior to his attainment of the specified ages. This is indicative that the postponement of the son's enjoyment was to adequately provide for the wife.

■■■■ Appellants further contend that phrases within the will such as, "at the time of the death of my said wife" and "the income to be paid for and during the term of her natural life," express an intent of the testator to create a long term trust which must continue throughout the lifetime of his wife. Such expressions undoubtedly refer to the time of the death of the holder of a prior interest, but such phrases do not manifest an intent contrary to acceleration upon renunciation by the holder of such prior interest. Such words are generally employed in a manner that does not manifest an intent to create a condition precedent, but rather refers to the course of events which is to be significant if the attempted prior interest takes effect.[3]

From the language of the will it seems reasonable to conclude that the possessory rights of the subsequent beneficiaries under the trust were merely postponed for the benefit of the prior life taker of the income and can be accelerated by the premature termination of that interest.

■■■■ Realizing that there is some authority apparently in conflict,[4] we hold that a will creating a testamentary trust, which provides for a life estate followed by a remainder payable upon the death of the life tenant, may be accelerated upon the release and termination of the precedent life estate if consistent with the terms of the will and not contrary to the intent of the testator.[5]

Affirmed. Costs to respondents.

CROCKETT, C. J., and HENRIOD and McDONOUGH, JJ., concur.

WADE, Justice.

I concur, except that I do not agree that this will is unambiguous. Generally the will is clear and leaves no doubt of the testator's intentions, but on the question presented in this case, whether a release by the wife of her life interest would accelerate the son's right to receive the income and principal from the trust estate,

3. Equitable Trust Co. v. Proctor, 27 Del. Ch. 151, 32 A.2d 422; see also 2 Restatement of the Law of Property, Sec. 233, comment c.
4. E. g., In re Hamburger's Will, 185 Wis. 270, 201 N.W. 267, 37 A.L.R. 1413; Hills v. Travelers Bank & Trust Co., 125 Conn. 640, 7 A.2d 652, 123 A.L.R. 1419.
5. Bennett v. Fidelity Union Co., 123 N.J. Eq. 198, 196 A. 375; Simpkins v. Simpkins, 131 N.J.Eq. 227, 24 A.2d 821, and cases cited therein.

268

the will is ambiguous for there is no express provision thereon. However, I agree with the prevailing opinion that the trial court correctly construed the instrument.