Donald M. **STROMQUIST** and Jane Stromquist, Plaintiffs and Appellants,

v.

Clifford **COKAYNE**, et al., Defendants and Respondents.

Donald M. **STROMQUIST** and Jane L. Stromquist, Plaintiffs and Appellants,

v.

R. Milton **YORGASON**, Salt Lake County Assessor, et al., Defendants and Respondents.

Nos. 16790, 16919.

Supreme Court of Utah.

May 12, 1982.

Brian M. Barnard, Salt Lake City, for plaintiffs and appellants.

Bill Thomas Peters, Salt Lake City, for defendants and respondents.

STEWART, Justice:

Plaintiffs, private citizens and taxpayers, brought two successive actions to compel the Salt Lake County assessor, auditor, and treasurer to comply with their respective

duties for the years 1978 and 1979 under Utah Code Ann., 1953, § 59–5–30, § 59–8–7, and § 59–10–9, which require the preparation and delivery of the county tax assessment books to the county treasurer and the mailing of assessed valuation notices on or before the statutorily prescribed dates each year.[1] The complaint sought to enjoin payment of the county assessor's salary until he complied with the provisions of § 59–5–30, and to compel a forfeiture by the assessor of a statutory $1000 penalty pursuant to § 59–5–33 for failure to perform his duties in a timely fashion. The two cases, which raise identical issues, have been consolidated on this appeal.

On a motion for summary judgment, the trial court found that by the time of the hearing the county assessor had substantially complied with his statutory duties and ruled that § 59–5–30 provided for a suspension of compensation only during the period of a delinquency and that the delinquency had been cured.

The trial court also ruled, relying on *Kennecott Copper Corp. v. Salt Lake County*, Utah, 575 P.2d 705 (1978), that the statutory deadlines established for the preparation of assessment books were directory rather than mandatory, and that in any event there had been "substantial compliance by the assessor and a *de facto* extension by the State Tax Commission." From the adverse judgments, plaintiffs appealed.

The initial briefs filed by the parties failed to address the issue of plaintiffs' standing to maintain these actions. Pursuant to an order of this Court, supplemental briefs on the issue have been filed.

█ As a general proposition the right to commence a legal proceeding depends on the plaintiffs' suffering an injury to a legally protected right for which the law provides a remedy. Absent such a showing, there is no right to complain in the courts.[2]

In legal parlance, the plaintiff lacks standing. *Sears v. Ogden City*, Utah, 572 P.2d 1359 (1977); *Main Parking Mall v. Salt Lake City Corp.*, Utah, 531 P.2d 866 (1975); *Startup v. Harmon*, 59 Utah 329, 203 P. 637 (1922). The plaintiffs allege no personal injury inuring to them from the asserted failure of the assessor to comply with the specified time deadlines. In this regard plaintiffs stand on no different legal footing than any other citizen of Salt Lake County.

In some cases there is an exception to the general rule requiring that standing be based on a particularized injury. In *Crockett v. Board of Education*, 58 Utah 303, 199 P. 158 (1921), this Court held that a taxpayer may maintain a mandamus action to compel a school board to publish a statutorily required statement of receipts and disbursements. The statute required the statement for the benefit and interest of the taxpayers in dealing with local school matters. The Court held, first, that it was not necessary that the action be brought in the name of the State or by a state official and, second, that the plaintiff taxpayer was a member of the class intended to be benefited by the statute, and consequently had standing.

Had the instant actions been timely brought to compel delivery of the assessment book and a timely issuance of the tax assessment notices, so as to protect plaintiffs' right to appeal the assessment of their property, or to avoid some other legal detriment or injury, the plaintiffs would have had a valid legal interest to protect. As it was, the plaintiffs simply complained of the failure of the defendants to perform certain statutory duties.

█ In seeking to compel the defendants to perform certain acts which had been performed even before the hearing in the trial court, the cases were moot from the

1. During the time in question a comprehensive reappraisal of all real estate in Salt Lake County had been undertaken by the State Tax Commission, thereby disrupting the normal time schedules followed in the assessment of real estate taxes.

2. Although there are a few exceptions, they are not applicable here. See e.g., *Jenkins v. State*, Utah, 585 P.2d 442 (1978).

beginning, except as to the claimed right to have a penalty assessed. Fundamental principles of procedure dictate that we not adjudicate moot cases, *Hoyle v. Monson*, Utah, 606 P.2d 240 (1980), at least in the absence of a likelihood that the act or acts complained of would likely recur and still escape judicial review. *Wickham v. Fisher*, Utah, 629 P.2d 896 (1981). There is no such likelihood in this case.

■ As to the penalty provided by § 59–5–33, plaintiffs have no standing. It is generally accepted that a private person has no right to enforce against a government official a penalty which inures to the benefit of the State. *Brownell v. Old Colony Railroad Co.*, 164 Mass. 29, 41 N.E. 107 (1895). See also 70 C.J.S. *Penalties* § 5 (1951). An action to enforce a penalty against an official, unless otherwise provided, must be taken in the name of the State. Plaintiffs have no legal right to bring such an action.

The case is remanded to the district court for an order of dismissal. No costs.

HALL, C. J., and OAKS and HOWE, JJ., concur.

DURHAM, J., does not participate herein.