Frank F. LANE, Plaintiff and Appellant,

v.

Robert H. MESSER, Honeywell, Inc., Dooley's, a Utah corporation, Steak Company 80, a Utah limited partnership, and John Does 1–10, Defendants and Respondent,

Industrial Indemnity Company, a corporation, Intervenor-Plaintiff.

Frank F. LANE, Plaintiff and Appellant,

v.

Robert H. MESSER, Honeywell, Inc., Dooley's, a Utah corporation, Steak Company 80, a Utah limited partnership, and John Does 1–10, Defendants and Respondent,

Industrial Indemnity Company, a corporation, Intervenor-Plaintiff and Appellant.

Nos. 19190, 19206.

Supreme Court of Utah.

Aug. 2, 1984.

Jackson Howard, John R. Merkling, Provo, for Lane.

F. Robert Bayle, Salt Lake City, for Indus. Indem.

Raymond M. Berry, Salt Lake City, for Honeywell.

Jay E. Jensen, Salt Lake City, for Messer.

Paul S. Felt, Salt Lake City, for Dooley.

ZIMMERMAN, Justice:

This matter is before us on a motion by plaintiff-appellant for a temporary remand of the matter to the trial court for further proceedings. For the reasons expressed below, that motion is unnecessary and is denied.

Plaintiff Lane was injured in an automobile-pedestrian accident in 1981. He brought an action against Messer, the driver of the vehicle, Honeywell, the owner of the vehicle that Messer was driving, and Dooley's and Steak Company 80. The latter two defendants were sued under the Dram Shop Act. Honeywell moved for summary judgment under Rule 56 of the Utah Rules of Civil Procedure, contending that at the time of the accident Messer was operating the vehicle without Honeywell's permission. This motion was granted and the judgment made final, pursuant to the provisions of Rule 54(b). Plaintiff filed a notice of appeal from this judgment.

Plaintiff is of the view that filing the notice of appeal divested the district court of all jurisdiction in this matter and that

trial of the other claims against the remaining parties cannot proceed until after the appeal is resolved and the matter remanded. In an attempt to avoid this delay without losing his right to challenge the propriety of a final judgment in favor of Honeywell, plaintiff now seeks a "temporary remand" to revest jurisdiction in the trial court so that the remaining claims can be adjudicated. Defendants agree with plaintiff that once an appeal is taken from the district court's grant of final judgment as to one defendant, the district court is ousted of jurisdiction over all remaining aspects of the case, but oppose the grant of any "temporary remand."

▆▆▆▆ Both plaintiff and defendants misperceive the law as it relates to appeals from judgments made final under Rule 54(b) where multiple parties and/or claims are involved. That rule permits the grant of a final judgment as to fewer than all of the parties or fewer than all of the claims in an action, thus permitting an immediate appeal. However, the entry of such a final judgment does not affect the ability of the district court to proceed with respect to the remainder of the claims and/or parties. Similarly, when an appeal is taken from such a judgment, it only brings before this Court that portion of the action with respect to which the judgment has been entered; the rest of the action remains in the trial court and is not necessarily affected by the appeal. *Cf., Cragin v. Lobbey,* Mo. Ct.App., 537 S.W.2d 193, 195 (1976). The rule could not sensibly be otherwise, for an appeal from a final judgment rendered as to one claim in an action where numerous claims and parties are joined would then automatically halt all proceedings until the appeal had run its course. The potential for unnecessary delay is obvious.[1]

It follows that the motion for a temporary remand is denied. The trial court in

this action has never been divested of jurisdiction over claims and parties other than those before us by reason of the appeal.[2]

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.

---

1. Whether the relationship between the parties and issues involved in the appeal and those remaining before the trial court might warrant a stay of the trial court proceedings pending the appeal is a matter for the sound discretion of the trial court, a matter upon which we express no view.

2. To the extent that some portion of the record in the proceeding below may have been lodged with this Court on the erroneous assumption that the filing of the notice of appeal deprived the lower court of jurisdiction over all aspects of this action, those portions of the record not necessary for the appeal are hereby released for return to the trial court.