Patricia WADE, Plaintiff and
Respondent,

v.

Richard BURKE, et al., Defendants
and Appellants.

No. 890135–CA.

Court of Appeals of Utah.

April 4, 1990.

Rehearing Denied May 3, 1990.

John T. Caine, Ogden, for defendants
and appellants.

Mark A. Larsen, Salt Lake City, for
plaintiff and respondent.

Before BILLINGS, GARFF and
ORME, JJ.

OPINION

GARFF, Judge:

Defendant and appellant, Richard Burke,
appeals the trial court's entry of summary
judgment in favor of his former wife, plain-
tiff and respondent, Patricia Wade, and
against him in a property dispute arising
out of their divorce decree. We affirm.

Respondent was married to appellant for
more than sixteen years. They were di-
vorced in 1978, but property issues were
not decided until October 24, 1980. The
major issue at trial was whether several
properties were marital assets, including a
fifteen-acre parcel of undeveloped property
located in southeast Salt Lake County, des-
ignated as the Pepperwood property. Ad-
vance Business Equipment, a corporation
which was undisputably appellant's alter
ego, originally owned the Pepperwood
property, which, at the time of trial, was
worth approximately $225,000. In 1976,
after respondent had filed for divorce from
appellant, Advance Business Equipment
transferred its interest in the Pepperwood
property to appellant's sister, Sandra L.
Maxwell, in consideration for unpaid secre-
tarial work.

Despite respondent's assertions that she
had an interest in this property, which she
alleged had been fraudulently transferred
by appellant to deplete the marital estate,
the trial court found that the Pepperwood
property was not marital property because
it had been transferred prior to the action
and, therefore, that respondent had no in-
terest in it. Although the trial court in-
formed the parties of its ruling at the time
of trial, the parties' decree of divorce was
not entered until a nunc pro tunc decree
was entered in September of 1984.

On appeal, the Utah Supreme Court af-
firmed the parties' divorce decree, includ-

ing the disposition of the Pepperwood property.

However, at the time the nunc pro tunc decree was entered in 1984, respondent became concerned that other properties subject to the divorce decree, including properties located on Namba Way in Murray, Utah, and in the Dimple Dell subdivision located in Sandy, Utah, had also been fraudulently conveyed to Ms. Maxwell. Consequently, respondent ordered title reports on these properties. The preliminary title report on the Dimple Dell property, dated September 20, 1984, disclosed a notice of contract dated February 28, 1983, by which Advance Business Systems had transferred the property to Ms. Maxwell. Respondent states that upon discovering this information, she concluded that appellant was engaged in an effort to systematically defraud her of her interest in these properties by transferring them to Ms. Maxwell, just as he had done with the Pepperwood property. She then initiated this lawsuit, naming Ms. Maxwell and appellant as defendants, claiming a one-half interest in the Pepperwood property, and alleging, among other things, that appellant had defrauded the court concerning the Pepperwood property and that he had fraudulently transferred it from the marital estate to Ms. Maxwell.

Following a succession of motions and hearings, the trial court allowed respondent to file a second amended complaint more particularly stating the basis for her fraud allegations. Ms. Maxwell and appellant filed a joint answer which asserted affirmative defenses of laches, waiver, estoppel, collateral estoppel, and res judicata, but failed to assert any statute of limitations claim.

On December 16, 1987, respondent provided both defendants with interrogatories and requests for the production of documents. In all, she sent defendants three sets of interrogatories and requests for production of documents. Defendants failed to respond to these requests for discovery.

On March 15, 1988, Ms. Maxwell and appellant filed a motion for summary judg-

ment in which they raised, for the first time, the affirmative defense of the statute of limitations. The court denied this motion on the grounds that discovery had not been completed because defendants had not yet responded to the written requests for discovery and their depositions had been noticed up and were pending at that time. The court continued the trial until June 27, 1988.

By April 15, 1988, defendants had still not complied with respondent's discovery requests, so respondent filed a motion to compel. After numerous other motions between the parties, respondent moved for sanctions against defendants for failing to comply with her discovery requests. Following the hearing on this motion, the trial court ordered defendants to produce the requested documentation by July 13, 1988, and to file affidavits with the clerk's office stating that they had fully complied with respondent's discovery requests on or before July 13. The court indicated that if either defendant failed to comply with this order, the court would strike the individual defendant's answer and enter judgment in favor of respondent. The court entered such an order on July 14, 1988.

By July 13, 1988, Ms. Maxwell had been deposed and had served the required affidavit on respondent's counsel, stating unequivocally that she had produced all the requested documents in her possession, but had not filed it with the clerk of the court as ordered. After she served this affidavit, her husband was deposed. His testimony indicated that Ms. Maxwell had blatantly perjured herself in several substantial aspects of the case and had failed to produce all of the requested documentation in her possession.

Respondent brought a motion for summary judgment on the basis that Ms. Maxwell had not complied with the discovery requests. However, after Mr. Maxwell's damaging deposition, the parties attempted to settle the matter. Respondent and Ms. Maxwell reached a settlement agreement, so struck the trial date. However, at the last minute, appellant pressured Ms. Max-

well to not execute the settlement documents.

Following the abortive attempt to settle the dispute, respondent moved for entry of judgment against Ms. Maxwell for her failure to comply with the trial court's order of July 14, 1988. After a hearing, the trial court granted respondent's motion, entering judgment against ms. Maxwell and granting respondent's prayer in her second amended complaint as to Ms. Maxwell, along with costs and attorney fees. As a result of this order, respondent obtained a one-half interest in the Pepperwood property.

Ms. Maxwell filed a motion to reconsider, which the trial court denied, but she failed to appeal the order.

Subsequently, appellant moved for summary judgment based upon violation of the statute of limitations because respondent had not commenced her action within three years of the time she discovered the allegedly fraudulent conveyance. Respondent filed an opposing motion for summary judgment, alleging that the case was moot. The court granted respondent's motion for summary judgment, finding that appellant's motion for summary judgment was moot because he had no interest in the property and because he had failed to reschedule the trial after its cancellation because of the abortive settlement attempt. Consequently, the court quieted title to the Pepperwood property in respondent as to appellant.

Appellant then brought this appeal, in which the parties raise the following issues: (1) Does appellant have standing to raise the issue of the statute of limitations? (2) Is this appeal moot? (3) If appellant has standing to raise the statute of limitations issue, what statutes of limitations are applicable to respondent's causes of action, and are any of these causes of action accordingly time-barred? (4) Are respondent's causes of action barred by the doctrines of collateral estoppel or res judicata? (5) Did the trial court err in precluding appellant from raising his statute of limitations issue because of the striking of a trial date on the basis of a purported settlement which was not authorized by appellant?

▆ The threshold issue the parties raise is whether or not appellant has standing to pursue this appeal in an attempt to raise his statute of limitations defense. Utah law requires that the parties to a lawsuit have a sufficient interest in the subject matter of the dispute in order to confer standing upon them. *See Terracor v. Utah Bd. of State Lands & Forestry,* 716 P.2d 796, 798 (Utah 1986). Either party, or the court on its own motion, may properly raise the issue of standing for the first time on appeal. *Blodgett v. Zions First Nat'l Bank,* 752 P.2d 901, 904 (Utah Ct.App. 1988).

▆ Respondent asserts that appellant does not have standing on the ground that he has no interest in the Pepperwood property. She correctly points out that, throughout the entire proceeding, appellant specifically denied having any interest in the property. In his answer, for example, he stated that, "[w]ith respect to paragraph 51 of the Plaintiff's Complaint, Defendant Richard C. Burke denies presently or ever having claimed an interest in the property the subject of this action." Further, in its oral ruling on respondent's motion for summary judgment, the trial court stated that "the Court feels it has no alternative but to grant the plaintiff's motion for summary judgment against Mr. Burke because the parties seem to indicate that Mr. Burke does not have an interest in the property."

However, appellant counters that he, indeed, does have standing to bring this appeal because when the trial court struck Ms. Maxwell's answer it also struck his answer, and then granted respondent's prayer for relief as stated in her complaint. This prayer was for the fraudulent conveyance to be set aside, for title to be vested in appellant, and for respondent to then receive her one-half marital share, thus leaving him with a one-half interest in the property. Appellant asserts that respondent has thereby given him standing to bring this appeal.

To evaluate appellant's claim, we first examine the trial court's order against Ms.

Maxwell. In it, the trial court stated, in relevant part:

> 3. Ms. Maxwell's Answer and all affirmative defenses contained in it are stricken, and judgment is entered against Ms. Maxwell in part in accordance with the prayer contained in Ms. Wade's Second Amended Complaint.
>
> ....
>
> 7. This Order is not intended to and does not affect the rights, title and interest of the remaining defendants in the Property.

In this ruling, the court struck the answer as to Ms. Maxwell, but not as to appellant. Therefore, the answer with respect to appellant still stands, including appellant's assertion that he does not claim an interest in the subject property. The court also entered partial judgment against Ms. Maxwell in accordance with respondent's prayer in her second amended complaint. While the wording of that prayer, on its face, would give appellant an interest in the property if granted with respect to him,[1] the judgment was only partial in that it pertained only to Ms. Maxwell and not to appellant. That the court did not intend to affect appellant's rights by granting this partial judgment is made clear by its specific statement to this effect in paragraph 7.

Such an action is authorized by rule 54(b) of the Utah Rules of Civil Procedure, which states, in relevant part:

> When more than one claim for relief is presented in an action, ... and/or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties.... [A]ny order ... which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties.... •

The Utah Supreme Court has interpreted rule 54(b), indicating that it permits the entry of judgment against fewer than all of the parties. *Lane v. Messer*, 689 P.2d 1333, 1334 (Utah 1984). It notes, specifically, that "the entry of such a final judgment does not affect the ability of the district court to proceed with respect to the remainder of the claims and/or parties." *Id.*

Consequently, the order upon which appellant relies to assert an interest in the property at issue is not applicable to him. Therefore, his argument fails and he does not have an interest in the Pepperwood property based upon the trial court's order and respondent's prayer in her amended complaint.

There are three general standards for determining whether or not a litigant has standing: (1) The party must be able to show that he or she has suffered some distinct and palpable injury that gives him or her a personal stake in the outcome of the legal dispute. (2) If the party does not have standing under the first criterion, he or she may have standing if no one else has a greater interest in the outcome of the case and the issues are unlikely to be raised at all unless that particular party has standing to raise the issue. (3) Even though the party may not have standing under the first two criteria, he or she may, nevertheless, have standing if the issues are unique and of such great public importance that they ought to be decided in

---

1. In her second amended complaint, respondent prayed for judgment as follows:

A. That Ms. Wade and Mr. Burke own the Property in fee title, or through a contract with Mr. Burke and Mrs. Fisher, and are entitled to the quiet enjoyment and peaceful possession of it;

B. That the other defendants have no interest in the Property and that their claims are invalid and should be removed as encumbrances or cloud on Mrs. Wade's and Mr. Burke's right, title and interest in and to the Property;

C. That pursuant to Utah Code Anno. § 78–39–8 (1953) the Property be divided and partitioned in parcels of equal value between Ms. Wade and Mr. Burke (or his alter ego Advance Business Equipment).

D. Alternatively, pursuant to the Utah Code Anno. § 78–39–12 (1953), that the Property be sold and the proceeds divided among the parties according to their interest in the Property.

E. That the Court award Ms. Wade her attorney's fees and costs and such other and further relief as the court may deem appropriate.

furtherance of the public interest. *Blodgett*, 752 P.2d at 904; *Terracor*, 716 P.2d at 799. If the party does not qualify under any of these three tests, we will not render an advisory opinion, but will dismiss the action. *See Redwood Gym v. Salt Lake County Comm'n*, 624 P.2d 1138, 1145 (Utah 1981).

Appellant claims no interest in the Pepperwood property, which is the only subject of this dispute. He has acquired no interest in the property as a result of the partial judgment against Ms. Maxwell. Therefore, he cannot lose any interest in the property as a result of this action. Thus, we conclude that appellant does not have the requisite personal stake in the outcome of the dispute to confer standing upon him under the first prong of this test. He similarly, has no standing under the second prong because he does not have a greater interest in it than Ms. Maxwell, the record title holder. That Ms. Maxwell has chosen not to appeal is of no consequence to the issue of appellant's interest in the property. Thirdly, this case is a private dispute without sufficient public importance to confer standing upon appellant under the final prong.

As such, we find appellant's situation to be indistinguishable from that of Ms. Purcell in *Blodgett v. Zions First National Bank*, 752 P.2d at 901. In *Blodgett*, Ms. Purcell, who was involved in a private land dispute, quit-claimed her interest in the disputed property prior to bringing her appeal. The court found that she had no standing to bring her appeal because she did not come before the court claiming an interest in the land or disputing the validity of her quit-claim deed, and so failed to articulate an interest in the subject matter of the litigation.

We, therefore, find that appellant does not have standing to bring this appeal, so we do not address the other issues presented by the parties.[2] We dismiss appellant's appeal and award costs to respondent.

Affirmed.

BILLINGS, J., concurs.

ORME, J., concurs in result.

---

**2.** We note, however, that respondent correctly argues that this case is also moot. An action becomes moot "[i]f the requested judicial relief cannot affect the rights of the litigants." *Merhish v. H.A. Folsom & Assocs.*, 646 P.2d 731, 732

(Utah 1982) (quoting *Duran v. Morris*, 635 P.2d 43, 45 (Utah 1981)). Because appellant claims no interest in the property and Ms. Maxwell has not appealed the judgment against her, the court does not have a justiciable issue before it.