**In the Matter of the ESTATE OF Reed Dwane HUNT, Deceased.**

**No. 890469.**

Supreme Court of Utah.

Nov. 5, 1992.

Keith F. Oehler, Cedar City, for the Estate and Richard L. Hunt.

Lyle R. Drake, St. George, for Dawna B. Bool, Charlene Brown, Jefferson D. Goulette.

HOWE, Associate Chief Justice:

This is an appeal from an order construing the last will and testament of Reed Dwane Hunt, deceased, and determining his heirs. The trial court concluded that the will failed to dispose of any assets of the deceased and directed that his assets be distributed to his heirs as determined by the intestate succession statutes.

Reed Dwane Hunt died on December 3, 1988, without a surviving wife, children, or parents. He had four stepchildren whom he had not adopted. His nearest heirs are two nieces, Dawna W. Bool and Charlene Brown, and a nephew, Jefferson D. Goulette, appellees herein. One day before his death, the deceased executed a preprinted will form on which he had inserted three typewritten paragraphs.

In the first paragraph, the deceased declared that he was of sound mind and was acting free of any duress and that he revoked all prior wills. The second and third paragraphs of the will provided:

Second: I declare that I am a single man, and that I have four (4) stepchildren. Richard L. Hunt, Delbert Douglas Hunt, Denice Marie Buckley, and Dennis Ray Hunt. If, at any time, any person shall be established by a Court of Law to be a child of mine, then I give and bequeath to each such person the sum of Five Dollars ($5.00) and no more.

Third: I have intentionally and with full knowledge omitted to provide for any and all of my heirs and next of kin who are not specifically mentioned herein, and I hereby generally and specifically disinherit each, any and all persons whomsoever claiming to be or who may be lawfully determined to be my heirs at law, except as otherwise mentioned in this Will; and to any person or persons who shall successfully establish in a Court of competent jurisdiction, that he or she is entitled to any portion of my estate, other than as mentioned in this Will, I hereby give and bequeath to such person or persons the sum of ONE DOLLAR ($1.00) and no more, in lieu of any other share or interest in my estate.

The trial court admitted the will to probate and appointed Richard L. Hunt personal representative of the estate. However, the court held that the will did not dispose of the deceased's assets and that the assets must therefore pass according to the laws of intestate succession to his heirs, the appellees. Hunt filed this appeal, designating himself on the notice of appeal as "Richard L. Hunt, personal representative of the estate of Reed Dwane Hunt." One month later, he resigned that position, and by stipulation of the parties, W. Kent Corry was appointed successor personal representative.

■ At the outset, we must rule on a motion filed by appellees to dismiss the appeal because Corry, as successor personal representative, has not moved to substitute himself as appellant in this appeal. Instead, Hunt continues to pursue the appeal. We deny the motion to dismiss. When Hunt filed the notice of appeal, he was the personal representative. He later resigned that position. Hunt, as an individual, has standing to pursue the appeal because he claims to be a beneficiary under the will. There is no reason why an appellant cannot move from a representative capacity to an individual capacity without filing a new notice of appeal. Hunt wrote his brief and presented his argument to this court on the basis that he was pursuing this appeal as an individual. We should simply disregard as surplusage the designation on his notice of appeal that he is the personal representative, since he no longer holds that position. Rule 61 of the Utah Rules of Civil Procedure requires us to "disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." This is a classic case for reliance on that rule.[1] Utah R.Civ.P. 61.

---

1. We note that even if Hunt had not resigned as personal representative, there is some question as to whether he would have standing to appeal in that capacity. Generally, a personal representative is barred from appealing where the issue on appeal concerns a dispute between the decedent's heirs and the distribution requested does not benefit the estate. *See* P.G. Guthrie, Annotation, *Right of Executor or Administrator to Appeal from Order Granting or Denying Distribution,* 16 A.L.R.3d 1274 (1967 & Supp.1992). Such is the case here. Although the issue of standing has not been raised, this court in *In re Yonk's Estate,* 115 Utah 292, 302, 204 P.2d 452, 458 (1949), stated that personal representatives "should not be interested in waging a contest between individual distributees." Instead, the beneficiaries or claimants should protect their rights by appealing on their own behalf.

Turning now to the merits of the appeal, we observe that the will does not expressly bequeath or devise any property to anyone. Hunt contends that the intent of the deceased to leave his entire estate to his four stepchildren named in paragraph two may be determined by implication. While paragraph two does name and identify the stepchildren, it is completely devoid of any language making them beneficiaries of the estate. The paragraph falls short of expressing any intent on the part of the testator to leave them anything. The second sentence of paragraph two does not manifest any dispositive intent but simply disinherits any person who might claim to be a child of the deceased. Paragraph three recites that the testator has intentionally omitted any provision for "any and all of my heirs and next of kin who are not specifically mentioned herein." Again, this paragraph is not helpful in ascertaining the testator's intent since the stepchildren named in the second paragraph are neither heirs nor next of kin. After analyzing these two paragraphs, we conclude that the will is incomplete and fails to reveal the testator's intent as to the disposition of his estate.

We have in at least two prior cases struggled with interpreting a will where a testator failed to indicate a dispositive intent. First, in *In re Beal's Estate*, 117 Utah 189, 214 P.2d 525 (1950), the testator devised and bequeathed to his wife, if she survived him, all of his estate except his professional library. In a separate paragraph, he provided that in the event he and his wife perished in a common disaster, his estate should go to his and his wife's brothers and sisters of the full blood. However, his wife did not survive him, and they did not die in a common disaster. He simply outlived her by fourteen months. This court affirmed a trial court judgment that distributed the estate in accordance with our statutes of intestate succession. In that case, as in the instant case, the appellants relied upon two rules of construction as the basis for seeking reversal of the trial court's judgment: that we construe a will according to the intention of the testator and that of two modes of interpreting a will, that mode is preferred which prevents intestacy. This court held, however, that even after applying those rules of construction, the void in the will could not be overcome. We stated:

> In the instant case, the express language of the will covers only two of three possible fact situations respecting the time of the testator's death in relation to the time of his wife's death. Had the testator's wife survived him or had she perished with him in a common disaster, the testator's intent as to the disposition of the estate is clear. But the testator's intention in the advent of the death of his wife prior to his demise is not expressly made known nor can it fairly be implied from a language of the will. The rule of construction that the intent of the testator must be carried out does not authorize courts to make a new will to conform to what they think the testator intended, but the intent of the testator must be ascertained from the will as it stands. *In re Estate of Sowash*, 62 Cal.App. 512, 516, 217 P. 123. Nor does the rule that testacy rather than intestacy is preferred relieve courts from the obligation to construe the language of the will according to the legal effect of the words used. *In re Searl's Estate*, 29 Wash.2d 230, 186 P.2d 913, 173 A.L.R. 1247. There is absolutely nothing in the will that can justify the appellants' contention that the testator intended the estate to be distributed to his and his wife's heirs of the full blood in the event that she predeceased him. Ingenious conjecture would have to be indulged in if we were to hold with the appellants. The will is silent upon the possibility of the wife predeceasing the testator.

117 Utah at 193, 214 P.2d at 527. We further noted in that case that in ascertaining the intent of the testator, we were limited to what he had written. As a result, we rejected the appellants' invitation to find by implication what we thought would have been the testator's desire had he expressed it in the will.

In the second case, *In re Estate of Lewis*, 738 P.2d 617 (Utah 1987), the testator

executed a holographic will which provided in part: "The first request in this last will and testament is in behalf of my wife Rhoda. Insure for her comfort, security and her fair portion. There are more than ample funds, chattels and tangibles to provide this." *Id.* at 618. The trial court found this provision to be inadequate to give his wife any entitlement under the will. On appeal to this court, she relied upon a number of rules of construction, including the preference against intestacy. We affirmed the trial court, however, stating that when the testator's "intention can in no way be determined from the face of the will or from the surrounding facts and circumstances, the Court will not speculate as to a testator's intention." *Id.* at 621 (footnote omitted). We concluded that the language of the will quoted above was merely precatory in nature, stating:

This conclusion is not in conflict with the probate code. The presumption against intestacy used when construing testamentary instruments is based upon the assumption that by executing a will, the testator intended for his property to pass testate. To this end, a will first and foremost must be construed according to the intent of the testator as expressed from the words of the will and circumstances under which it was executed. In this case, testator's will merely expressed his intent that his wife be properly cared for, but did not dispose of any property or create any power of appointment.

*Id.* at 620 (footnote omitted).

In the instant case, the void in the testator's will is greater than that in either of the above two cases. While his stepchildren are identified in the will, there is nothing beyond that. There is no language which would allow us either directly or indirectly to find an intent by the testator to leave his estate to them or to anyone else. Simply stated, the will has a fatal omission which cannot be supplied by any combination of rules of construction.

The judgment below is affirmed.

HALL, C.J., concurs.

DURHAM, Justice: (Concurring and Dissenting)

I concur with Justice Howe on the motion to dismiss. I dissent on the merits.

This case depends on the legal effect of a will in which the testator specifically names his four stepchildren and purports to disinherit all those not named in the document, but fails to affirmatively and specifically dispose of any assets. In interpreting this document, we should be guided by two recurring themes in probate law: the need to follow the testator's intent and the goal of avoiding intestacy. *See, e.g.,* Utah Code Ann. § 75–2–603 ("The intention of the testator as expressed in his will controls the legal effect of his dispositions."); *Auerbach v. Samuels,* 9 Utah 2d 261, 266, 342 P.2d 879, 882 (1959) (same); *In re Estate of Gardner,* 615 P.2d 1215, 1217 (Utah 1980) (courts will adopt any reasonable construction to avoid intestacy).

Contrary to the assertion of the majority, there are several indicia of the testator's intent in the instant case. The fact that the testator executed a will is evidence that he intended to die testate, *Chambers v. Warren,* 657 S.W.2d 3, 6 (Tex.Ct.App.1983), and that he intended those mentioned in his will as beneficiaries. The mere execution of a will, of course, is not enough to create a gift by implication. Instead, sufficient evidence must demonstrate that "the testator had a manifest and plain intent to create the gift, but ... failed to express himself as distinctly as he should have." *Seattle–First Nat'l Bank v. Tingley,* 22 Wash.App. 258, 589 P.2d 811, 814 (1978) (citations omitted). Furthermore, "[t]he showing of intent must be so strong that a contrary intent cannot be supposed to have existed in the testator's mind." *Id.;* 80 Am.Jur.2d *Wills* § 1385 (1975). The will at issue manifests such an intent.

In the third paragraph of the will, the decedent expressly stated, "I have intentionally and with full knowledge omitted to provide for any and all of my heirs and next of kin who are not specifically mentioned herein." The only persons the testator specifically mentioned in his will were his four stepchildren. He included no one

else by name. Although the testator neglected to affirmatively bequeath his property to his stepchildren, the will clearly expresses by negative implication his intent to leave his property to them.

Implying a gift to the testator's stepchildren in this case effectuates his intent and avoids disposing of his assets through intestacy. Consequently, I am persuaded that the testator's assets should pass under the will to his four stepchildren.

STEWART, J., concurs in the concurring and dissenting opinion of DURHAM, J.

ZIMMERMAN, Justice: (Concurring and Dissenting)

I would dismiss the appeal.

Hunt quite plainly brought this appeal in his capacity as personal representative of the estate. That much is clear from the notice of appeal filed by "Richard L. Hunt, Personal Representative of the Estate of Reed Dwane Hunt" on October 6, 1989. Hunt then resigned as personal representative of the estate on November 9, 1989. No one has moved to substitute a successor personal representative as appellant in this appeal. Thus, there has been a failure to substitute parties pursuant to rule 38(b) of the Utah Rules of Appellate Procedure. Utah R.App.P. 38(b).

Whatever standing to pursue this appeal Richard L. Hunt as an individual heir might have, *see Provo City Corp. v. Willden,* 768 P.2d 455, 457 (Utah 1989); *Society of Professional Journalists v. Bullock,* 743 P.2d 1166, 1170–77 (Utah 1987); *Terracor v. Utah Bd. of State Lands,* 716 P.2d 796, 798–99 (Utah 1986); *Jenkins v. Swan,* 675 P.2d 1145, 1148–49 (Utah 1983); *Stromquist v. Cokayne,* 646 P.2d 746, 747 (Utah 1982); *Jenkins v. State,* 585 P.2d 442, 443 (Utah 1978), acting as an individual, he is a separate entity from Richard L. Hunt, a personal representative. In light of his

resignation as personal representative, Hunt has no authority to prosecute this appeal as personal representative, and Hunt, as an individual, filed no notice of appeal in this action. Therefore, Hunt has no standing to pursue this appeal.[1]

The majority relies on rule 61 of the civil rules as a ground for treating as surplusage Hunt's designation of his status as "personal representative" in the notice of appeal. *See* Utah R.Civ.P. 61. This is a plain misuse of the rule. The capacity in which one consciously takes an appeal is hardly "surplusage." And as the majority candidly notes, as a personal representative, Hunt almost certainly lacked standing. Standing, of course, is an issue that is never waived and can be raised by any party or by the court at any time. *See Terracor,* 716 P.2d at 798; *Stromquist,* 646 P.2d at 747; *Wade v. Burke,* 800 P.2d 1106, 1108 (Utah Ct.App.1990); *Blodgett v. Zions First Nat'l Bank,* 752 P.2d 901, 904 (Utah Ct.App.1988).

If I were to reach the merits, however, I would affirm.

---

1. I agree with the majority that even if Hunt had not resigned as personal representative, he would have had difficulty establishing standing to bring an appeal acting in that capacity. A personal representative is barred from appealing where the issue on appeal concerns a dispute between the decedent's heirs and the distri-

bution requested does not benefit the estate. *See In re Yonk's Estate,* 115 Utah 292, 302, 204 P.2d 452, 458 (1949). *See generally* P.G. Guthrie, Annotation, *Right of Executor or Administrator to Appeal from Order Granting or Denying Distribution,* 16 A.L.R.3d 1274, 1276–1300 (1967 & Supp.1992).