2410

John William ABRAMS; Wayne Carroll Glenn; Richard A. Glenn; Frank Joseph Glenn; Jane Virginia Glenn; Helen Glenn Smith; Lou Abrams; Effie Rena Abrams Bailey; Nell Abrams Plunkett; Sarah Williams Abrams; Evelyn Ramage Mahon; Albert Augustin Ramage, Jr.; Thomas Chandler Ramage; Marion P. Ramage; Walter S. Ramage; Mary McDuffie Redmond; Barbara J. O'Neal; Thomas Walter Nichols; Steven Heath Nichols, Respondents v. Robert Allen TEMPLETON; J. Edwin Templeton; Miriam B. Templeton; Joel Stanley Templeton; Lana Darlene T. Horger; Dianna T. Fortney; Bruce R. Templeton; Edith T. Fix; Jane Madden Snyder; William Roy Madden, Jr.; Emma Lu Madden; Johnnie Goen; Dessie Shockley Ramage; Barbara Dasher Nichols; Lucy Mintz; William Pluss Brown; David E. Brown, Jr.; Frank T. Brown; Anna Ruth B. Elrod; John Doe, whose true name is unknown, representing the class of all unknowns under a legal disability or serving in the Armed Forces of the United States of America who may have or claim any right, title or interest in the property which is the subject of this action as descendants of, or heirs or devisees of the descendants, of Mary Ann Taylor Ramage, Albert Madison Ramage, Georgia Alma Ramage Templeton, or any of the above who may be deceased; and Richard Roe, whose true name is unknown, representing all unknowns as aforesaid not under legal disability, Appellants.

(465 S.E. (2d) 117)

Court of Appeals

*W. Paul Culbertson* and *J. Michael Turner, Culbertson, Whitesides, Turner, and Able,* Laurens, *for appellants.*

*W. Reid Cox, Jr., Cox & Ferguson,* Laurens, *for respondents.*

Heard Oct. 4, 1995.

Filed Nov. 6, 1995; Reh. Den. Dec. 20, 1995.

HEARN, Judge:

This case involves the construction of a 1914 will which violates the rule against perpetuities. Pursuant to S.C. Code Ann. § 27-6-60(B) (1991), the trial judge inserted a savings clause into a provision of the will to prevent a forfeiture. We affirm as modified.

The testator, Mary Ann Taylor Ramage, executed her will in 1914 and died in 1915. She was survived by her husband Frank, a son Albert, and various grandchildren.[1] The testator's daughter, Alma Templeton, predeceased her, but left five surviving children: Frank, Bob, Charlie, Grace and Anna. In her will, the testator devised approximately one hundred and thirty acres of land to Alma's children (the Templeton side).[2] The testator further devised a one hundred and sixty-acre tract of land, the subject of this action:

> to my husband Frank Ramage during the term of his natural life and at his death ... to my son Albert Ramage ... to have, hold, and enjoy the same during his the said Albert Ramage's natural life, and at his death to his children to hold and enjoy during the term of their natural life and at their death their several interests to be divided among their children.

The trial judge determined the clause violated the rule against perpetuities which provides:

> No interest is good unless it must vest, if at all, no later than twenty-one years after some life in being at the creation of the interest. Simes, *Law of Future Interests*, (2d ed. 1966) § 127 at 265.[3]

The trial judge found the provision of the testator's will

---

[1] The parties dispute whether great-grandchildren of the testator were alive at the time of her death. However, we find this information irrelevant for the purposes of this appeal.

[2] The testator devised a thirty-acre tract of land to her grandson, Frank and a one hundred-acre tract of land to her grandchildren, Bob, Charlie, Grace and Anna.

[3] In 1987, South Carolina enacted the Uniform Rule Against Perpetuities (S.C. Code Ann. 27-6-10 et seq.) which supersedes the common law rule.

which created a gift over to her great-grandchildren ("at their death their several interests to be divided among their children") was nonvested for the purposes of the rule against perpetuities. The gift over to the great-grandchildren was a class gift. *See* 61 Am. Jur. (2d) *Perpetuities, etc.*, § 33 at 41 (While gifts to a class, where the class is open until some future time, are technically vested, if there are members of the class in being at the time of making the gift, from the standpoint of the perpetuity rule the gifts are on the same footing as purely contingent gifts, and are not regarded as vested until the final membership of the class is determined.). Because the class could continue to expand during the lifetime of the testator's grandchildren, for purposes of the rule against perpetuities, it is considered nonvested because it remained "open" after the gift was made.[4]

S.C. Code Ann. § 27-6-60(B) (1991) provides:

> If a nonvested property interest or a power of appointment was created before July 1, 1987, and is determined in a judicial proceeding, commenced on or after July 1, 1987, to violate this State's rule against perpetuities as that rule existed before July 1, 1987, a court upon the petition of an interested person shall reform the disposition by inserting a savings clause that preserves most closely the transferor's plan of distribution and that brings that plan within the limits of the rule against perpetuities applicable when the nonvested property interest or power of appointment was created.

Both parties concede that the gift over to the testator's great-grandchildren violates the rule. Therefore, section 27-6-60(B) directs the trial judge to "reform the disposition by inserting a savings clause that preserves most closely a transferor's plan of distribution and that brings that plan within the limits of the rule against perpetuities. . . ."[5]

---

[4] For example, Albert could have had another child (although he did not) after the death of the testator. This child could have had a child more than twenty-one years after death of all of the children of Albert who were living at the time of the testator's death. Therefore, the interest of the testator's great-grandchildren (Albert's grandchild) would vest more than twenty-one years after the death of Albert.

[5] South Carolina's version of the *Uniform Statutory Rule Against Perpetuities* (S.C. Code Ann. § 27-6-10 *et seq.* (1991) provides that a nonvested interest violates the statutory rule against perpetuities if it fails to satisfy either

■ The trial judge found that the testator's intended plan of distribution was to equally benefit each "side" of her family: Alma's descendants (the Templeton branch) and Albert's descendants (the Ramage branch). We agree.

Each branch of the family received approximately the same acreage and divided the personal property equally with the exception of a watch and chain. A common sense reading of the provision dealing with the one hundred and sixty-acre tract shows the testator intended to create successive life estates in her son and his children with the remainder over to their children. Clearly, the testator wanted this tract to stay with the Ramage branch of the family and not to include the Templeton branch which received other real and personal property.

In an attempt to bring the provision of the will within the limits of the perpetuities rule and to preserve the testator's intent, the trial judge inserted a savings clause as follows:

> I will, devise and bequeath to my son Albert Ramage all that certain tract of land situate in the county and state aforesaid, containing about one hundred sixty acres more or less . . . to have, hold, and enjoy the same during his the said Albert Ramage's natural life, and at his death to his children *who are alive at the time of my death* to hold and enjoy during the term of their natural life and at their death their several interests to be divided among their children.

As a result, the "measuring life" for the purposes of the perpetuities rule becomes the testator's grandchildren, all of whom were alive at the time of the testator's death and whose children, the testator's great-grandchildren, would have to be born during the lives of these grandchildren.

Albert had nine children (the testator's grandchildren). Five of these children survived Albert and had children, while the remaining four of his children died childless. The trial

---

the common law rule against perpetuities time period or the statutory 90-year wait-and-see time period. If a nonvested interest fails to satisfy either test, section 27-6-60(B) requires that a court reform the disposition. Thus, the statutory rule against perpetuities "effectively allows three bites of the apple to a nonvested interest. . . ." Medlin and Boyle, *What Every South Carolina Lawyer Should Know About the (Ugh!) Rule Against Perpetuities*, S.C. Lawyer 26, 28 (May/June 1991).

judge ordered, in accordance with the testator's presumed intent, the shares of the grandchildren who died without children to augment the share of those who had children. Therefore, he ordered that the entire interest in the one hundred sixty-acre tract should pass one-fifth to each set of children of the five grandchildren who died with children.

Appellants, the testator's heirs-at-law in the Templeton branch, contend the gift over to the great-grandchildren was void as violative of the rule against perpetuities. Therefore, since the testator's grandchildren had only life estates in the property, at their deaths the remainder reverted back to the testator to pass to her heirs-at-law. We disagree.

To void the gift over to the great-grandchildren would be to invoke the drastic result S.C. Code Ann. § 27-6-60(B) sought to prevent. The South Carolina General Assembly adopted this statutory provision to avoid the remorseless application of the common law rule. The law abhors a forfeiture. The law abhors intestacy and will indulge every presumption in favor of the validity of the will. *Meier v. Meier*, 208 S.C. 520, 38 S.E. (2d) 762 (1946). Clearly, the statute mandates the courts attempt to reconstruct the will so as to save the gift rather than declare it void.

Appellants contend that if the entire gift is not void, they are entitled to at least their intestacy portion of the interest of the grandchildren who died childless. The law is clear that the ultimate fee in every tract of land must rest somewhere. *Waller v. Waller*, 220 S.C. 212, 66 S.E. (2d) 876 (1951). Title to real estate cannot be held in abeyance; it must be vested somewhere. *In re Malone's Estate*, 21 S.C. 435 (1884). Therefore, appellants argue, because the testator's grandchildren had only life estates in the subject property, the testator must have retained the ultimate reversion subject to divestment if great-grandchildren were born to each of Albert's children. Since four of the testator's grand children died without children, and there was no residuary clause or alternative disposition of the interests of those who died childless, their four-ninths interests must revert back to the testator, and, therefore, pass by intestate succession to the testator's heirs-at-law.

We agree with appellants to the extent that the trial judge's saving clause, while it cures the perpetuities rule violation,

leaves the four-ninths interest of the childless grandchildren "floating." However, we agree with the trial judge's finding that the testator intended to benefit both "sides" of her family equally and wanted all interest in the subject property to remain with Albert's descendants. Therefore, to effect the trial judge's order to augment the interests of the testator's great-grandchildren on Albert's side with the shares of those grandchildren who died childless, we modify the will to state:

> I will, devise and bequeath to my son Albert Ramage all that certain tract of land situate in the county and state aforesaid, containing about one hundred sixty acres more or less . . . to have, hold, and enjoy the same during his the said Albert Ramage's natural life, and at his death to his children ***who are alive at the time of my death*** to hold and enjoy during the term of their natural life and at their death their several interests to be divided among their children, ***or if any of Albert Ramage's children die childless, his or her interest in default be divided among those who have children.***

This reconstruction of the testator's will no longer violates the rule against perpetuities and clearly effectuates the intent of the testator.

Accordingly, the order of the trial judge is

Affirmed as modified.

CURETON and GOOLSBY, JJ., concur.